ORIGINAL

1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff Chris Kohler

7

8

FILED

2010 FEB 16  AM 11: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  CHRIS KOHLER,                    ) No. '10 CV 0 3 6 5 IEG        RBB
                                     )
14        Plaintiff,                 )
                                     ) **Plaintiff's Complaint**
15     vs.                           )
                                     )
16  CPG CARLSBAD HOLDINGS,           )
17  LLC; CHELSEA PROPERTY            )
    GROUP; ADIDAS                    )
18  PROMOTIONAL RETAIL               )
19  OPERATIONS, INC. dba ADIDAS;     )
    RETAIL BRAND ALLIANCE, INC.      )
20  dba BROOKS BROTHERS              )
21  FACTORY STORE; CONVERSE,         )
    INC. dba THE CONVERSE            )
22  OUTLET STORE #3742; THE          )
23  KITCHEN COLLECTION, INC.         )
    WHICH WILL DO BUSINESS IN        )
24  CALIFORNIA AS KCI FACTORY        )
25  OUTLET STORES dba LE             )
    GOURMET CHEF; GAP                )
26  (APPAREL), LLC dba GAP           )
27  OUTLET #7780; HDOS               )
28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 1

1  ENTERPRISES dba HOT DOG on a )
2  STICK #192; JOCKEY )
3  INTERNATIONAL GLOBAL, INC. )
   dba THE JOCKEY STORE #125; )
4  KENNETH COLE PRODUCTIONS, )
5  INC. dba KENNETH COLE #5051; )
   POLO CALIFORNIA, LLC dba )
6  POLO FACTORY STORE; PUMA )
7  NORTH AMERICA, INC. dba )
   PUMA; REEBOK )
8  INTERNATIONAL LTD. dba )
9  REEBOK OUTLET STORE #114; )
   RUBIO'S RESTAURANTS, INC. )
10 dba RUBIO'S FRESH MEXICAN )
11 GRILL; EAT at JOE'S, INC. dba )
12 RUBY'S DINER; TOMMY )
   HILFIGER RETAIL, LLC dba )
13 TOMMY HILFIGER #54; )
14 PHILLIPS - VAN HEUSEN )
   CORPORATION dba VAN )
15 HEUSEN STORE #462; BANANA )
16 REPUBLIC, LLC dba BANANA )
17 REPUBLIC #6282, )
                                     )
18      Defendants.                  )
   ───────────────────────────────
19
20
21
22
23
24
25
26
27
28

1

## I.    SUMMARY

2     1.    This is a civil rights action by plaintiff Chris Kohler ("Kohler") for

3 discrimination at the building, structure, facility, complex, property, land,

4 development, and/or surrounding business complexes known as:

5

6 Common Areas

7 5620 Paseo del Norte
Carlsbad, CA  92008

8 (APN 211.022.22)

9 (hereafter "the Common Area Facility")

10

11 Adidas #6126
5600 Paseo del Norte, Suite 105

12 Carlsbad, CA  92008

13 (hereafter "the Adidas Facility")

14 Brooks Brothers Factory Store

15 5610  Paseo del Norte
Carlsbad, CA  92008

16 (hereafter "the Brooks Brothers Facility")

17

18 The Converse Outlet Store #3742
5620 Paseo del Norte, Suite C114

19 Carlsbad, CA  92008

20 (hereafter "the Converse Facility")

21 Le Gourmet Chef

22 5630 Paseo del Norte, Suite 1
Carlsbad, CA  92008

23 (hereafter "the Le Gourmet Chef Facility")

24

25 Gap Outlet #7780
5620 Paseo del Norte

26 Carlsbad, CA  92008

27 (hereafter "the Gap Facility")

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1
2
3
4

Hot Dog on a Stick
5620 Paseo del Norte
Carlsbad, CA  92008
(hereafter "the Hot Dog Facility")

5
6
7

The Jockey Store #125
5600 Paseo del Norte
Carlsbad, CA  92008
(hereafter "the Jockey Facility")

8
9
10
11

Kenneth Cole #5051
5630 Paseo del Norte, Suite 108
Carlsbad, CA  92008
(hereafter "the Kenneth Cole Facility")

12
13
14

Polo Factory Store
5600 Paseo del Norte, Suite 100
Carlsbad, CA  92008
(hereafter "the Polo Facility")

15
16
17
18

Puma
5610 Paseo del Norte, Suite 116B
Carlsbad, CA  92008
(hereafter "the Puma Facility")

19
20
21
22

Reebok Outlet Store #114
5630 Paseo del Norte, Suite 135
Carlsbad, CA  92008
(hereafter "the Reebok Facility")

23
24
25

Rubio's Fresh Mexican Grill
5620 Paseo del Norte, Suite 128
Carlsbad, CA  92008
(hereafter "the Rubio's Facility")

26
27
28

Ruby's Diner
5630 Paseo del Norte
Carlsbad, CA  92008
(hereafter "the Ruby's Facility")

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Tommy Hilfiger #54
5610 Paseo del Norte, Suite 117B
Carlsbad, CA  92008
(hereafter "the Tommy Hilfiger Facility")

Van Heusen Store #462
5630 Paseo del Norte
Carlsbad, CA  92008
(hereafter "the Van Heusen Facility")

Banana Republic #6282
5610 Paseo del Norte
Carlsbad, CA  92008
(hereafter "the Banana Republic Facility")

(collectively, "the Facilities")

2.   Pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes, Kohler seeks damages, injunctive and declaratory relief, and attorney fees and costs, against:

- CPG Carlsbad Holdings, LLC and Chelsea Property Group (hereinafter the "Common Area Defendants")
- Adidas Promotional Retail Operations, Inc. dba Adidas #6126; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Adidas Defendants")
- Retail Brand Alliance, Inc. dba Brooks Brothers Factory Store; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Brooks Brothers Defendants")
- Converse, Inc. dba The Converse Outlet Store #3742; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Converse Defendants")

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1
2
3
4

- The Kitchen Collection, Inc. which will do business in California as KCI Factory Outlet Stores dba Le Gourmet Chef; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Le Gourmet Chef Defendants")

5
6

- Gap (Apparel), LLC dba Gap Outlet #7780; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Gap Defendants")

7
8
9

- HDOS Enterprises dba Hot Dog on a Stick #192; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Hot Dog Defendants")

10
11
12

- Jockey International Global, Inc. dba The Jockey Store #125; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Jockey Defendants")

13
14
15

- Kenneth Cole Productions, Inc. dba Kenneth Cole #5051; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Kenneth Cole Defendants")

16
17

- Polo California, LLC dba Polo Factory Store; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Polo Defendants")

18
19

- Puma North America, Inc. dba Puma; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Puma Defendants")

20
21
22

- Reebok International Ltd. dba Reebok Outlet Store #114; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Reebok Defendants")

23
24
25

- Rubiio's Restaurants, Inc. dba Rubio's Fresh Mexican Grill; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Rubio's Defendants")

26
27

- Eat at Joe's, Inc. dba Ruby's Diner; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Ruby's Defendants")

28

- Tommy Hilfiger Retail, LLC dba Tommy Hilfiger #54; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Tommy Hilfiger Defendants")
- Phillips − Van Heusen Corporation dba Van Heusen Store #462; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Van Heusen Defendants")
- Banana Republic, LLC dba Banana Republic #6282; CPG Carlsbad Holdings, LLC; and, Chelsea Property Group (hereinafter the "Banana Republic Defendants")

## II.     JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.     Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.     VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.     PARTIES

7.     The Common Area Defendants own, operate, manage, and/or lease the Common Area Facility, and consist of a person (or persons), firm, and/or corporation.

8.     The Adidas Defendants own, operate, manage, and/or lease the Adidas Facility, and consist of a person (or persons), firm, and/or corporation.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

9.     The Brooks Brothers Defendants own, operate, manage, and/or lease the Brooks Brothers Facility, and consist of a person (or persons), firm, and/or corporation.

10.     The Converse Defendants own, operate, manage, and/or lease the Converse Facility, and consist of a person (or persons), firm, and/or corporation.

11.     The Le Gourmet Chef Defendants own, operate, manage, and/or lease the Le Gourmet Chef Facility, and consist of a person (or persons), firm, and/or corporation.

12.     The Gap Defendants own, operate, manage, and/or lease the Gap Facility, and consist of a person (or persons), firm, and/or corporation.

13.     The Hot Dog Defendants own, operate, manage, and/or lease the Hot Dog Facility, and consist of a person (or persons), firm, and/or corporation.

14.     The Jockey Defendants own, operate, manage, and/or lease the Jockey Facility, and consist of a person (or persons), firm, and/or corporation.

15.     The Kenneth Cole Defendants own, operate, manage, and/or lease the Kenneth Cole Facility, and consist of a person (or persons), firm, and/or corporation.

16.     The Polo Defendants own, operate, manage, and/or lease the Polo Facility, and consist of a person (or persons), firm, and/or corporation.

17.     The Puma Defendants own, operate, manage, and/or lease the Puma Facility, and consist of a person (or persons), firm, and/or corporation.

18.     The Reebok Defendants own, operate, manage, and/or lease the Reebok Facility, and consist of a person (or persons), firm, and/or corporation.

19.     The Rubio's Defendants own, operate, manage, and/or lease the Rubio's Facility, and consist of a person (or persons), firm, and/or corporation.

20.     The Ruby's Defendants own, operate, manage, and/or lease the Ruby's Facility, and consist of a person (or persons), firm, and/or corporation.

21.   The Tommy Hilfiger Defendants own, operate, manage, and/or lease the Tommy Hilfiger Facility, and consist of a person (or persons), firm, and/or corporation.

22.   The Van Heusen Defendants own, operate, manage, and/or lease the Van Heusen Facility, and consist of a person (or persons), firm, and/or corporation.

23.   The Banana Republic Defendants own, operate, manage, and/or lease the Banana Republic Facility, and consist of a person (or persons), firm, and/or corporation..

24.   Kohler was shot in the back in 1988, which left him paralyzed from the waist down.  He requires the use of a wheelchair when traveling about in public.  Consequently, Kohler is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

25.   The Common Area Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

26.   The Adidas Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

27.   The Brooks Brothers Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

28.   The Converse Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

29.    The Le Gourmet Chef Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

30.    The Gap Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

31.    The Hot Dog Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

32.    The Jockey Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

33.    The Kenneth Cole Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

34.    The Polo Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

35.    The Puma Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

36.    The Reebok Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

37.    The Rubio's Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

38.     The Ruby's Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

39.     The Tommy Hilfiger Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

40.     The Van Heusen Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

41.     The Banana Republic Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

42.     Kohler visited the Facilities and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at all of the facilities.

43.     To the extent known by Kohler, the barriers at the Common Area Facility included, but are not limited to, the following:

- The access aisles have slopes and cross slopes that exceed 2.0%;
- The disabled parking spaces have slopes and cross slopes that exceed 2.0%;
- At least one disabled parking space has incorrect signage posted;
- The tow away signage posted is incorrect;
- Multiple sidewalks have cross slopes exceed 2.0%;

*Restroom A:* There are numerous barriers to access, including, but not limited to:

- The restroom door lock requires twisting, pinching, and/or grasping to operate;

1  • The toilet tissue dispenser protrudes into the clear floor and/or
2  maneuvering space needed to access the water closet;
3  • The toilet tissue dispenser is an obstruction to the use of the side
4  grab bar;
5  • The pipes beneath the lavatory are improperly and/or incompletely
6  wrapped;
7  • The lavatory protrudes into the clear floor space required to access
8  the paper towel dispenser;
9  *Restroom B:* There are numerous barriers to access, including, but not
10 limited to:
11 • There is no International Symbol of Accessibility ("ISA") at the
12 restroom entrance;
13 • The restroom door requires pinching, twisting, and/or grasping to
14 operate;
15 • The pipes beneath one of the lavatories are not wrapped;
16 • The pipes beneath one of the lavatories are improperly and
17 incompletely wrapped;
18 • The lavatory controls require more than five pounds of force to
19 operate;
20 • There is insufficient strike side clearance when exiting the restroom;
21 *Restroom C:* There are numerous barriers to access, including, but not
22 limited to:
23 • There is no ISA at the restroom entrance;
24 • The restroom door lock requires twisting, pinching, and/or grasping
25 to operate;
26 • The pipes beneath the lavatory are improperly and incompletely
27 wrapped; and,
28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

- The lavatory controls require more than five pounds of force to operate.

These barriers prevented Kohler from enjoying full and equal access at the Common Area Facility.

44.     Kohler was also deterred from visiting the Common Area Facility because he knew that the Common Area Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Common Area Facility because of the future threats of injury created by these barriers.

45.     To the extent known by Kohler, the barriers at the Adidas Facility included, but are not limited to, the following:

- The dressing room bench is not 24 inches wide by 48 inches long;
- The accessible dressing room is not designated by an ISA; and,
- The check out counter is too high with no portion lowered to accommodate a patron in a wheelchair.

These barriers prevented Kohler from enjoying full and equal access at the Adidas Facility.

46.     Kohler was also deterred from visiting the Adidas Facility because he knew that the Adidas Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Adidas Facility because of the future threats of injury created by these barriers.

47.     To the extent known by Kohler, the barriers at the Brooks Brothers Facility included, but are not limited to, the following:

- There is no ISA at the entrance;
- The check out counter is too high with no portion lowered to accommodate a patron in a wheelchair;

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    • The dressing room bench is being used as storeage for merchandise;

2    • The accessible dressing room is not identified with an ISA;

3    • The dressing room bench is not 24 inches wide by 48 inches long;

4    • The accessible dressing room is not identified with an ISA..

5    These barriers prevented Kohler from enjoying full and equal access at the

6    Brooks Brothers Facility.

7    48.    Kohler was also deterred from visiting the Brooks Brothers Facility

8    because he knew that the Brooks Brothers Facility's goods, services, facilities,

9    privileges, advantages, and accommodations were unavailable to physically

10   disabled patrons (such as himself). He continues to be deterred from visiting the

11   Brooks Brothers Facility because of the future threats of injury created by these

12   barriers.

13   49.    To the extent known by Kohler, the barriers at the Converse Facility

14   included, but are not limited to, the following:

15   • The dressing room bench is not 24 inches wide by 48 inches long;

16   • The accessible dressing room is not identified with an ISA.

17   These barriers prevented Kohler from enjoying full and equal access at the

18   Converse Facility.

19   50.    Kohler was also deterred from visiting the Converse Facility

20   because he knew that the Converse Facility's goods, services, facilities,

21   privileges, advantages, and accommodations were unavailable to physically

22   disabled patrons (such as himself). He continues to be deterred from visiting the

23   Converse Facility because of the future threats of injury created by these barriers.

24   51.    To the extent known by Kohler, the barriers at the Le Gourmet Chef

25   Facility included, but are not limited to, the following:

26   • The pay point machine is too high;

27   • The check out counter is too high with no portion lowered to

28   accommodate a patron in a wheelchair.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   These barriers prevented Kohler from enjoying full and equal access at the
2   Le Gourmet Chef Facility.

3   52.   Kohler was also deterred from visiting the Le Gourmet Chef
4   Facility because he knew that the Le Gourmet Chef Facility's goods, services,
5   facilities, privileges, advantages, and accommodations were unavailable to
6   physically disabled patrons (such as himself). He continues to be deterred from
7   visiting the Le Gourmet Chef Facility because of the future threats of injury
8   created by these barriers.

9   53.   To the extent known by Kohler, the barriers at the Gap Facility
10   included, but are not limited to, the following:

11   • The dressing room bench is not 24 inches wide by 48 inches long;
12   • There is insufficient clear floor space within the dressing room due
13      to the inward swing of the door;
14   • The accessible dressing room is not identified with an ISA;
15   • The dressing room mirror is not mounted so as to afford a view to a
16      person seated on the bench.

17   These barriers prevented Kohler from enjoying full and equal access at the
18   Gap Facility.

19   54.   Kohler was also deterred from visiting the Gap Facility because he
20   knew that the Gap Facility's goods, services, facilities, privileges, advantages,
21   and accommodations were unavailable to physically disabled patrons (such as
22   himself). He continues to be deterred from visiting the Gap Facility because of
23   the future threats of injury created by these barriers.

24   55.   To the extent known by Kohler, the barriers at the Hot Dog Facility
25   included, but are not limited to, the following:

26   • The ISA at the entrance is not posted at the correct height;
27   • The mats at the entrance door are not securely attached to the floor;

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

- The pipes beneath the lavatory are improperly and incompletely wrapped;
- The waste receptacle encroaches into the clear floor space required to access the lavatory;
- The clothing hook on the door is mounted too high;
- There is insufficient strike side clearance when exiting the restroom due to the baby changing station;
- The toilet tissue dispenser protrudes inot the clear floor and/or maneuvering space required to acess the water closet;
- There is no accessible seating;
- There is no seating designated as being accessible to the disabled.

These barriers prevented Kohler from enjoying full and equal access at the Hot Dog Facility.

56.    Kohler was also deterred from visiting the Hot Dog Facility because he knew that the Hot Dog Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Hot Dog Facility because of the future threats of injury created by these barriers.

57.    To the extent known by Kohler, the barriers at the Jockey Facility included, but are not limited to, the following:

- There is no space beside the dressing room bench for a wheelchair;
- The accessible dressing room is not identified with an ISA;
- The dressing room bench is not 24 inches wide by 48 inches long;
- The dressing room bench is not fixed to the wall.

These barriers prevented Kohler from enjoying full and equal access at the Jockey Facility.

58.    Kohler was also deterred from visiting the Jockey Facility because he knew that the Jockey Facility's goods, services, facilities, privileges,

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  advantages, and accommodations were unavailable to physically disabled
2  patrons (such as himself). He continues to be deterred from visiting the Jockey
3  Facility because of the future threats of injury created by these barriers.

4  59.   To the extent known by Kohler, the barriers at the Kenneth Cole
5  Facility included, but are not limited to, the following:

6  • The dressing room has insufficient clear floor space;

7  • There is no bench inside the dressing room;

8  • The accessible dressing room is not identified with an ISA.

9  These barriers prevented Kohler from enjoying full and equal access at the
10  Kenneth Cole Facility.

11  60.   Kohler was also deterred from visiting the Kenneth Cole Facility
12  because he knew that the Kenneth Cole Facility's goods, services, facilities,
13  privileges, advantages, and accommodations were unavailable to physically
14  disabled patrons (such as himself). He continues to be deterred from visiting the
15  Kenneth Cole Facility because of the future threats of injury created by these
16  barriers.

17  61.   To the extent known by Kohler, the barriers at the Polo Facility
18  included, but are not limited to, the following:

19  • There is insufficient clear floor space wthin the dressing room due
20    to the inward swing of the door;

21  • The dressing room bench is not 24 inches wide by 48 inches long;

22  • There is no space beside the dressing room bench for a wheelchair.

23  These barriers prevented Kohler from enjoying full and equal access at the
24  Polo Facility.

25  62.   Kohler was also deterred from visiting the Polo Facility because he
26  knew that the Polo Facility's goods, services, facilities, privileges, advantages,
27  and accommodations were unavailable to physically disabled patrons (such as

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  himself). He continues to be deterred from visiting the Polo Facility because of
2  the future threats of injury created by these barriers.

3        63.    To the extent known by Kohler, the barriers at the Puma Facility
4  included, but are not limited to, the following:

5       &bull;  The check out counter is too high with no portion lowered to
6         accommodate a patron in a wheelchair;
7       &bull;  The accessible dressing room is not identified with an ISA;
8       &bull;  The dressing room bench is not 24 inches wide by 48 inches long;
9       &bull;  There is no space beside the dressing room bench for a wheelchair;
10      &bull;  While the bench is fixed to the wall, the cushion placed on top is
11        not.

12 These barriers prevented Kohler from enjoying full and equal access at the
13 Puma Facility.

14       64.    Kohler was also deterred from visiting the Puma Facility because
15 he knew that the Puma Facility's goods, services, facilities, privileges,
16 advantages, and accommodations were unavailable to physically disabled
17 patrons (such as himself). He continues to be deterred from visiting the Puma
18 Facility because of the future threats of injury created by these barriers.

19       65.    To the extent known by Kohler, the barriers at the Reebok Facility
20 included, but are not limited to, the following:

21      &bull;  There is no space beside the dressing room bench for a wheelchair;
22      &bull;  The dressing room bench is not 24 inches wide by 48 inches long;
23      &bull;  The accessible dressing room is not identified with an ISA.

24 These barriers prevented Kohler from enjoying full and equal access at the
25 Reebok Facility.

26       66.    Kohler was also deterred from visiting the Reebok Facility because
27 he knew that the Reebok Facility's goods, services, facilities, privileges,
28 advantages, and accommodations were unavailable to physically disabled

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

patrons (such as himself). He continues to be deterred from visiting the Reebok Facility because of the future threats of injury created by these barriers.

67.   To the extent known by Kohler, the barriers at the Rubio's Facility included, but are not limited to, the following:

- The water closet stall door is not self-closing;
- The toilet tissue dispenser protrudes into the clear floor and/or maneuvering space required to access the water closet;
- The toilet tissue dispenser obstructs the use of the side grab bar;
- The lavatory obstructs the use of both soap dispensers;
- The lavatory controls require more than five pounds of force to operate;
- The pipes beneath the lavatory are improperly and incompletely wrapped;
- The waste receptacle is an obstruction to the use of the paper towel dispenser.

These barriers prevented Kohler from enjoying full and equal access at the Rubio's Facility.

68.   Kohler was also deterred from visiting the Rubio's Facility because he knew that the Rubio's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Rubio's Facility because of the future threats of injury created by these barriers.

69.   To the extent known by Kohler, the barriers at the Ruby's Facility included, but are not limited to, the following:

- There is no ISA at the entrance;
- The mats at the entrance are not securely attached;
- There is no handle mounted below the water closet stall door lock;
- The water closet stall door is not self-closing;

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

- The pipes beneath the lavatory are improperly and incompletely wrapped;
- There is insufficient strike side clearance when exiting the restroom.

These barriers prevented Kohler from enjoying full and equal access at the Ruby's Facility.

70.    Kohler was also deterred from visiting the Ruby's Facility because he knew that the Ruby's Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Ruby's Facility because of the future threats of injury created by these barriers.

71.    To the extent known by Kohler, the barriers at the Tommy Hilfiger Facility included, but are not limited to, the following:

- The dressing room bench is not 24 inches wide by 48 inches long;
- There is no space beside the dressing room bench for a wheelchair;
- The accessible dressing room is not designated with an ISA;
- There is insufficient clear floor space in the dressing room due to the clothing racks being store there.

These barriers prevented Kohler from enjoying full and equal access at the Tommy Hilfiger Facility.

72.    Kohler was also deterred from visiting the Tommy Hilfiger Facility because he knew that the Tommy Hilfiger Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Tommy Hilfiger Facility because of the future threats of injury created by these barriers.

73.    To the extent known by Kohler, the barriers at the Van Heusen Facility included, but are not limited to, the following:

- The accessible dressing room is not designated with an ISA;

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

- The dressing room bench is much less than 24 inches wide by 48 inches long;
- The clothing hooks are mounted too high.

These barriers prevented Kohler from enjoying full and equal access at the Van Heusen Facility.

74.   Kohler was also deterred from visiting the Van Heusen Facility because he knew that the Van Heusen Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Van Heusen Facility because of the future threats of injury created by these barriers.

75.   To the extent known by Kohler, the barriers at the Banana Republic Facility included, but are not limited to, the following:

- There is no space beside the dressing room bench for a wheelchair;
- The dressing room bench is not 24 inches wide by 48 inches long;
- The accessible dressing room is not designated with an ISA.

These barriers prevented Kohler from enjoying full and equal access at the Banana Republic Facility.

76.   Kohler was also deterred from visiting the Banana Republic Facility because he knew that the Banana Republic Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Banana Republic Facility because of the future threats of injury created by these barriers.

77.   Kohler also encountered barriers at the Facilities which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Kohler is seeking to remove barriers unrelated to his disability.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

78.    The Common Area Defendants knew that these elements and areas of the Common Area Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Common Area Defendants have the financial resources to remove these barriers from the Common Area Facility (without much difficulty or expense), and make the Common Area Facility accessible to the physically disabled.   To date, however, the Common Area Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

79.    At all relevant times, the Common Area Defendants have possessed and enjoyed sufficient control and authority to modify the Common Area Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   The Common Area Defendants have not removed such impediments and have not modified the Common Area Facility to conform to accessibility standards.  The Common Area Defendants have intentionally maintained the Common Area Facility in its current condition and have intentionally refrained from altering Common Area Facility so that it complies with the accessibility standards.

80.    Kohler further alleges that the (continued) presence of barriers at the Common Area Facility is so obvious as to establish the Common Area Defendants' discriminatory intent.[1]  On information and belief, Kohler avers that evidence of the discriminatory intent includes the Common Area Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Common Area Facility; conscientious decision to the architectural layout (as it currently exists) at the Common Area Facility; decision not to remove barriers from the Common Area Facility; and allowance that the Common Area Facility continues to exist in its non-compliant state.   Kohler

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  further alleges, on information and belief, that the Common Area Defendants are
2  not in the midst of a remodel, and that the barriers present at the Common Area
3  Facility are not isolated (or temporary) interruptions in access due to
4  maintenance or repairs.[2]

5      81.   The Adidas Defendants knew that these elements and areas of the
6  Adidas Facility were inaccessible, violate state and federal law, and interfere
7  with (or deny) access to the physically disabled.   Moreover, the Adidas
8  Defendants have the financial resources to remove these barriers from the Adidas
9  Facility (without much difficulty or expense), and make the Adidas Facility
10  accessible to the physically disabled.  To date, however, the Adidas Defendants
11  refuse to either remove those barriers or seek an unreasonable hardship
12  exemption to excuse non-compliance.

13      82.   At all relevant times, the Adidas Defendants have possessed and
14  enjoyed sufficient control and authority to modify the Adidas Facility to remove
15  impediments to wheelchair access and to comply with the Americans with
16  Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Adidas
17  Defendants have not removed such impediments and have not modified the
18  Adidas Facility to conform to accessibility standards.  The Adidas Defendants
19  have intentionally maintained the Adidas Facility in its current condition and has
20  intentionally refrained from altering the Adidas Facility so that it complies with
21  the accessibility standards.

22      83.   Kohler further alleges that the (continued) presence of barriers at the
23  Adidas Facility is so obvious as to establish the Adidas Defendants'
24  discriminatory intent.[3]  On information and belief, Kohler avers that evidence of
25  the discriminatory intent includes the Adidas Defendants' refusal to adhere to
26  relevant building standards; disregard for the building plans and permits issued
27

28
[2]  Id.; 28 C.F.R. § 36.211(b)
[3]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

for the Adidas Facility; conscientious decision to the architectural layout (as it currently exists) at the Adidas Facility; decision not to remove barriers from the Adidas Facility; and allowance that the Adidas Facility continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that the Adidas Defendants are not in the midst of a remodel, and that the barriers present at the Adidas Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[4]

84. The Brooks Brothers Defendants knew that these elements and areas of the Brooks Brothers Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Brooks Brothers Defendants have the financial resources to remove these barriers from the Brooks Brothers Facility (without much difficulty or expense), and make the Brooks Brothers Facility accessible to the physically disabled. To date, however, the Brooks Brothers Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

85. At all relevant times, the Brooks Brothers Defendants have possessed and enjoyed sufficient control and authority to modify the Brooks Brothers Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Brooks Brothers Defendants have not removed such impediments and have not modified the Brooks Brothers Facility to conform to accessibility standards. The Brooks Brothers Defendants have intentionally maintained the Brooks Brothers Facility in its current condition and has intentionally refrained from altering Brooks Brothers Facility so that it complies with the accessibility standards.

---

[4]    Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 24

86.     Kohler further alleges that the (continued) presence of barriers at the Brooks Brothers Facility is so obvious as to establish the Brooks Brothers Defendants' discriminatory intent.[5]  On information and belief, Kohler avers that evidence of the discriminatory intent includes the Brooks Brothers Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Brooks Brothers Facility; conscientious decision to the architectural layout (as it currently exists) at the Brooks Brothers Facility; decision not to remove barriers from the Brooks Brothers Facility; and allowance that the Brooks Brothers Facility continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that the Brooks Brothers Defendants are not in the midst of a remodel, and that the barriers present at the Brooks Brothers Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[6]

87.     The Converse Defendants knew that these elements and areas of the Converse Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Converse Defendants have the financial resources to remove these barriers from the Converse Facility (without much difficulty or expense), and make the Converse Facility accessible to the physically disabled.  To date, however, the Converse Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

88.     At all relevant times, the Converse Defendants have possessed and enjoyed sufficient control and authority to modify the Converse Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Converse Defendants have not removed such impediments and have not

---

[5]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[6]   Id.; 28 C.F.R. § 36.211(b)

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 25

1   modified the Converse Facility to conform to accessibility standards.   The

2   Converse Defendants have intentionally maintained the Converse Facility in its

3   current condition and has intentionally refrained from altering the Converse

4   Facility so that it complies with the accessibility standards.

5       89.    Kohler further alleges that the (continued) presence of barriers at the

6   Converse Facility is so obvious as to establish the Converse Defendants'

7   discriminatory intent.[7]  On information and belief, Kohler avers that evidence of

8   the discriminatory intent includes the Converse Defendants' refusal to adhere to

9   relevant building standards; disregard for the building plans and permits issued

10  for the Converse Facility; conscientious decision to the architectural layout (as it

11  currently exists) at the Converse Facility; decision not to remove barriers from

12  the Converse Facility; and allowance that the Converse Facility continues to

13  exist in its non-compliant state.   Kohler further alleges, on information and

14  belief, that the Converse Defendants are not in the midst of a remodel, and that

15  the barriers present at the Converse Facility are not isolated (or temporary)

16  interruptions in access due to maintenance or repairs.[8]

17      90.    The Le Gourmet Chef Defendants knew that these elements and

18  areas of the Le Gourmet Chef Facility were inaccessible, violate state and federal

19  law, and interfere with (or deny) access to the physically disabled.   Moreover,

20  the Le Gourmet Chef Defendants have the financial resources to remove these

21  barriers from the Le Gourmet Chef Facility (without much difficulty or expense),

22  and make the Le Gourmet Chef Facility accessible to the physically disabled.   To

23  date, however, the Le Gourmet Chef Defendants refuse to either remove those

24  barriers or seek an unreasonable hardship exemption to excuse non-compliance.

25      91.    At all relevant times, the Le Gourmet Chef Defendants have

26  possessed and enjoyed sufficient control and authority to modify the Le Gourmet

27

28  [7]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
    [8]  Id.; 28 C.F.R. § 36.211(b)
    *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
    Plaintiff's Complaint

1 Chef Facility to remove impediments to wheelchair access and to comply with
2 the Americans with Disabilities Act Accessibility Guidelines and Title 24
3 regulations.    The Le Gourmet Chef Defendants have not removed such
4 impediments and have not modified the Le Gourmet Chef Facility to conform to
5 accessibility standards.   The Le Gourmet Chef Defendants have intentionally
6 maintained the Le Gourmet Chef Facility in its current condition and has
7 intentionally refrained from altering the Le Gourmet Chef Facility so that it
8 complies with the accessibility standards.

9       92.    Kohler further alleges that the (continued) presence of barriers at the
10 Le Gourmet Chef Facility is so obvious as to establish the Le Gourmet Chef
11 Defendants' discriminatory intent.[9]  On information and belief, Kohler avers that
12 evidence of the discriminatory intent includes the Le Gourmet Chef Defendants'
13 refusal to adhere to relevant building standards; disregard for the building plans
14 and permits issued for the Le Gourmet Chef Facility; conscientious decision to
15 the architectural layout (as it currently exists) at the Le Gourmet Chef Facility;
16 decision not to remove barriers from the Le Gourmet Chef Facility; and
17 allowance that the Le Gourmet Chef Facility continues to exist in its non-
18 compliant state.  Kohler further alleges, on information and belief, that the Le
19 Gourmet Chef Defendants are not in the midst of a remodel, and that the barriers
20 present at the Le Gourmet Chef Facility are not isolated (or temporary)
21 interruptions in access due to maintenance or repairs.[10]

22       93.    The Gap Defendants knew that these elements and areas of the Gap
23 Facility were inaccessible, violate state and federal law, and interfere with (or
24 deny) access to the physically disabled.  Moreover, the Gap Defendants have the
25 financial resources to remove these barriers from the Gap Facility (without much
26 difficulty or expense), and make the Gap Facility accessible to the physically
27

28
[9]   E.g., *Gunther v .Lin*, 144 Cal.App.4th 223, fn. 6
[10]   Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   disabled.  To date, however, the Gap Defendants refuse to either remove those

2   barriers or seek an unreasonable hardship exemption to excuse non-compliance.

3       94.   At all relevant times, the Gap Defendants have possessed and

4   enjoyed sufficient control and authority to modify the Gap Facility to remove

5   impediments to wheelchair access and to comply with the Americans with

6   Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Gap

7   Defendants have not removed such impediments and have not modified the Gap

8   Facility to conform to accessibility standards.  The Gap Defendants have

9   intentionally maintained the Gap Facility in its current condition and has

10  intentionally refrained from altering the Gap Facility so that it complies with the

11  accessibility standards.

12      95.   Kohler further alleges that the (continued) presence of barriers at the

13  Gap Facility is so obvious as to establish the Gap Defendants' discriminatory

14  intent.[11]   On information and belief, Kohler avers that evidence of the

15  discriminatory intent includes the Gap Defendants' refusal to adhere to relevant

16  building standards; disregard for the building plans and permits issued for the

17  Gap Facility; conscientious decision to the architectural layout (as it currently

18  exists) at the Gap Facility; decision not to remove barriers from the Gap Facility;

19  and allowance that the Gap Facility continues to exist in its non-compliant state.

20  Kohler further alleges, on information and belief, that the Gap Defendants are

21  not in the midst of a remodel, and that the barriers present at the Gap Facility are

22  not isolated (or temporary) interruptions in access due to maintenance or

23  repairs.[12]

24      96.   The Hot Dog Defendants knew that these elements and areas of the

25  Hot Dog Facility were inaccessible, violate state and federal law, and interfere

26  with (or deny) access to the physically disabled.  Moreover, the Hot Dog

27

28  [11]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
     [12]  Id.; 28 C.F.R. § 36.211(b)
     *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
     Plaintiff's Complaint

Page 28

Defendants have the financial resources to remove these barriers from the Hot Dog Facility (without much difficulty or expense), and make the Hot Dog Facility accessible to the physically disabled. To date, however, the Hot Dog Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

97. At all relevant times, the Hot Dog Defendants have possessed and enjoyed sufficient control and authority to modify the Hot Dog Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Hot Dog Defendants have not removed such impediments and have not modified the Hot Dog Facility to conform to accessibility standards. The Hot Dog Defendants have intentionally maintained the Hot Dog Facility in its current condition and has intentionally refrained from altering the Hot Dog Facility so that it complies with the accessibility standards.

98. Kohler further alleges that the (continued) presence of barriers at the Hot Dog Facility is so obvious as to establish the Hot Dog Defendants' discriminatory intent.[13] On information and belief, Kohler avers that evidence of the discriminatory intent includes the Hot Dog Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Hot Dog Facility; conscientious decision to the architectural layout (as it currently exists) at the Hot Dog Facility; decision not to remove barriers from the Hot Dog Facility; and allowance that the Hot Dog Facility continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that the Hot Dog Defendants are not in the midst of a remodel, and that the barriers present at the Hot Dog Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[14]

---

[13] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[14] Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

99.   The Jockey Defendants knew that these elements and areas of the Jockey Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.   Moreover, the Jockey Defendants have the financial resources to remove these barriers from the Jockey Facility (without much difficulty or expense), and make the Jockey Facility accessible to the physically disabled.   To date, however, the Jockey Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

100.   At all relevant times, the Jockey Defendants have possessed and enjoyed sufficient control and authority to modify the Jockey Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   The Jockey Defendants have not removed such impediments and have not modified the Jockey Facility to conform to accessibility standards.   The Jockey Defendants have intentionally maintained the Jockey Facility in its current condition and has intentionally refrained from altering the Jockey Facility so that it complies with the accessibility standards.

101.   Kohler further alleges that the (continued) presence of barriers at the Jockey Facility is so obvious as to establish the Jockey Defendants' discriminatory intent.[15]   On information and belief, Kohler avers that evidence of the discriminatory intent includes the Jockey Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Jockey Facility; conscientious decision to the architectural layout (as it currently exists) at the Jockey Facility; decision not to remove barriers from the Jockey Facility; and allowance that the Jockey Facility continues to exist in its non-compliant state.   Kohler further alleges, on information and belief, that the

---

[15]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  Jockey Defendants are not in the midst of a remodel, and that the barriers present
2  at the Jockey Facility are not isolated (or temporary) interruptions in access due
3  to maintenance or repairs.[16]

4     102.   The Kenneth Cole Defendants knew that these elements and areas of
5  the Kenneth Cole Facility were inaccessible, violate state and federal law, and
6  interfere with (or deny) access to the physically disabled.   Moreover, the
7  Kenneth Cole Defendants have the financial resources to remove these barriers
8  from the Kenneth Cole Facility (without much difficulty or expense), and make
9  the Kenneth Cole Facility accessible to the physically disabled.   To date,
10  however, the Kenneth Cole Defendants refuse to either remove those barriers or
11  seek an unreasonable hardship exemption to excuse non-compliance.

12     103.   At all relevant times, the Kenneth Cole Defendants have possessed
13  and enjoyed sufficient control and authority to modify the Kenneth Cole Facility
14  to remove impediments to wheelchair access and to comply with the Americans
15  with Disabilities Act Accessibility Guidelines and Title 24 regulations.   The
16  Kenneth Cole Defendants have not removed such impediments and have not
17  modified the Kenneth Cole Facility to conform to accessibility standards.   The
18  Kenneth Cole Defendants have intentionally maintained the Kenneth Cole
19  Facility in its current condition and has intentionally refrained from altering the
20  Kenneth Cole Facility so that it complies with the accessibility standards.

21     104.   Kohler further alleges that the (continued) presence of barriers at the
22  Kenneth Cole Facility is so obvious as to establish the Kenneth Cole Defendants'
23  discriminatory intent.[17]   On information and belief, Kohler avers that evidence of
24  the discriminatory intent includes the Kenneth Cole Defendants' refusal to
25  adhere to relevant building standards; disregard for the building plans and
26  permits issued for the Kenneth Cole Facility; conscientious decision to the

27

28  [16]  Id.; 28 C.F.R. § 36.211(b)
     [17]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
     *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
     Plaintiff's Complaint

architectural layout (as it currently exists) at the Kenneth Cole Facility; decision not to remove barriers from the Kenneth Cole Facility; and allowance that the Kenneth Cole Facility continues to exist in its non-compliant state.   Kohler further alleges, on information and belief, that the Kenneth Cole Defendants are not in the midst of a remodel, and that the barriers present at the Kenneth Cole Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[18]

105.   The Polo Defendants knew that these elements and areas of the Polo Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Polo Defendants have the financial resources to remove these barriers from the Polo Facility (without much difficulty or expense), and make the Polo Facility accessible to the physically disabled.  To date, however, the Polo Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

106.   At all relevant times, the Polo Defendants have possessed and enjoyed sufficient control and authority to modify the Polo Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Polo Defendants have not removed such impediments and have not modified the Polo Facility to conform to accessibility standards.   The Polo Defendants have intentionally maintained the Polo Facility in its current condition and has intentionally refrained from altering the Polo Facility so that it complies with the accessibility standards.

107.   Kohler further alleges that the (continued) presence of barriers at the Polo Facility is so obvious as to establish the Polo Defendants' discriminatory intent.[19]   On information and belief, Kohler avers that evidence of the

[18]   Id.; 28 C.F.R. § 36.211(b)
[19]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  discriminatory intent includes the Polo Defendants' refusal to adhere to relevant
2  building standards; disregard for the building plans and permits issued for the
3  Polo Facility; conscientious decision to the architectural layout (as it currently
4  exists) at the Polo Facility; decision not to remove barriers from the Polo
5  Facility; and allowance that the Polo Facility continues to exist in its non-
6  compliant state.  Kohler further alleges, on information and belief, that the Polo
7  Defendants are not in the midst of a remodel, and that the barriers present at the
8  Polo Facility are not isolated (or temporary) interruptions in access due to
9  maintenance or repairs.[20]

10     108.  The Puma Defendants knew that these elements and areas of the
11  Puma Facility were inaccessible, violate state and federal law, and interfere with
12  (or deny) access to the physically disabled.  Moreover, the Puma Defendants
13  have the financial resources to remove these barriers from the Puma Facility
14  (without much difficulty or expense), and make the Puma Facility accessible to
15  the physically disabled.  To date, however, the Puma Defendants refuse to either
16  remove those barriers or seek an unreasonable hardship exemption to excuse
17  non-compliance.

18     109.  At all relevant times, the Puma Defendants have possessed and
19  enjoyed sufficient control and authority to modify the Puma Facility to remove
20  impediments to wheelchair access and to comply with the Americans with
21  Disabilities Act Accessibility Guidelines and Title 24 regulations.   The Puma
22  Defendants have not removed such impediments and have not modified the
23  Puma Facility to conform to accessibility standards.  The Puma Defendants have
24  intentionally maintained the Puma Facility in its current condition and has
25  intentionally refrained from altering the Puma Facility so that it complies with
26  the accessibility standards.

27

28

[20]  Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1        110.   Kohler further alleges that the (continued) presence of barriers at the

2   Puma Facility is so obvious as to establish the Puma Defendants' discriminatory

3   intent.[21]   On information and belief, Kohler avers that evidence of the

4   discriminatory intent includes the Puma Defendants' refusal to adhere to relevant

5   building standards; disregard for the building plans and permits issued for the

6   Puma Facility; conscientious decision to the architectural layout (as it currently

7   exists) at the Puma Facility; decision not to remove barriers from the Puma

8   Facility; and allowance that the Puma Facility continues to exist in its non-

9   compliant state.  Kohler further alleges, on information and belief, that the Puma

10  Defendants are not in the midst of a remodel, and that the barriers present at the

11  Puma Facility are not isolated (or temporary) interruptions in access due to

12  maintenance or repairs.[22]

13       111.   The Reebok Defendants knew that these elements and areas of the

14  Reebok Facility were inaccessible, violate state and federal law, and interfere

15  with (or deny) access to the physically disabled.   Moreover, the Reebok

16  Defendants have the financial resources to remove these barriers from the

17  Reebok Facility (without much difficulty or expense), and make the Reebok

18  Facility accessible to the physically disabled.  To date, however, the Reebok

19  Defendants refuse to either remove those barriers or seek an unreasonable

20  hardship exemption to excuse non-compliance.

21       112.   At all relevant times, the Reebok Defendants have possessed and

22  enjoyed sufficient control and authority to modify the Reebok Facility to remove

23  impediments to wheelchair access and to comply with the Americans with

24  Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Reebok

25  Defendants have not removed such impediments and have not modified the

26  Reebok Facility to conform to accessibility standards.  The Reebok Defendants

27

28  [21]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
   [22]   Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

have intentionally maintained the Reebok Facility in its current condition and has intentionally refrained from altering the Reebok Facility so that it complies with the accessibility standards.

113.   Kohler further alleges that the (continued) presence of barriers at the Reebok Facility is so obvious as to establish the Reebok Defendants' discriminatory intent.[23]   On information and belief, Kohler avers that evidence of the discriminatory intent includes the Reebok Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Reebok Facility; conscientious decision to the architectural layout (as it currently exists) at the Reebok Facility; decision not to remove barriers from the Reebok Facility; and allowance that the Reebok Facility continues to exist in its non-compliant state.  Kohler further alleges, on information and belief, that the Reebok Defendants are not in the midst of a remodel, and that the barriers present at the Reebok Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[24]

114.   The Rubio's Defendants knew that these elements and areas of the Rubio's Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Rubio's Defendants have the financial resources to remove these barriers from the Rubio's Facility (without much difficulty or expense), and make the Rubio's Facility accessible to the physically disabled.  To date, however, the Rubio's Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

115.   At all relevant times, the Rubio's Defendants have possessed and enjoyed sufficient control and authority to modify the Rubio's Facility to remove impediments to wheelchair access and to comply with the Americans with

---

[23]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[24]   Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Disabilities Act Accessibility Guidelines and Title 24 regulations. The Rubio's Defendants have not removed such impediments and have not modified the Rubio's Facility to conform to accessibility standards. The Rubio's Defendants have intentionally maintained the Rubio's Facility in its current condition and has intentionally refrained from altering the Rubio's Facility so that it complies with the accessibility standards.

116. Kohler further alleges that the (continued) presence of barriers at the Rubio's Facility is so obvious as to establish the Rubio's Defendants' discriminatory intent.[25] On information and belief, Kohler avers that evidence of the discriminatory intent includes the Rubio's Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Rubio's Facility; conscientious decision to the architectural layout (as it currently exists) at the Rubio's Facility; decision not to remove barriers from the Rubio's Facility; and allowance that the Rubio's Facility continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that the Rubio's Defendants are not in the midst of a remodel, and that the barriers present at the Rubio's Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[26]

117. The Ruby's Defendants knew that these elements and areas of the Ruby's Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Ruby's Defendants have the financial resources to remove these barriers from the Ruby's Facility (without much difficulty or expense), and make the Ruby's Facility accessible to the physically disabled. To date, however, the Ruby's Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

---

[25] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[26] Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 36

118.  At all relevant times, the Ruby's Defendants have possessed and enjoyed sufficient control and authority to modify the Ruby's Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Ruby's Defendants have not removed such impediments and have not modified the Ruby's Facility to conform to accessibility standards.  The Ruby's Defendants have intentionally maintained the Ruby's Facility in its current condition and has intentionally refrained from altering the Ruby's Facility so that it complies with the accessibility standards.

119.  Kohler further alleges that the (continued) presence of barriers at the Ruby's Facility is so obvious as to establish the Ruby's Defendants' discriminatory intent.[27]  On information and belief, Kohler avers that evidence of the discriminatory intent includes the Ruby's Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Ruby's Facility; conscientious decision to the architectural layout (as it currently exists) at the Ruby's Facility; decision not to remove barriers from the Ruby's Facility; and allowance that the Ruby's Facility continues to exist in its non-compliant state.  Kohler further alleges, on information and belief, that the Ruby's Defendants are not in the midst of a remodel, and that the barriers present at the Ruby's Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[28]

120.  The Tommy Hilfiger Defendants knew that these elements and areas of the Tommy Hilfiger Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Tommy Hilfiger Defendants have the financial resources to remove these barriers from the Tommy Hilfiger Facility (without much difficulty or expense),

---

[27]  E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[28]  Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  and make the Tommy Hilfiger Facility accessible to the physically disabled.  To
2  date, however, the Tommy Hilfiger Defendants refuse to either remove those
3  barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4       121.  At all relevant times, the Tommy Hilfiger Defendants have
5  possessed and enjoyed sufficient control and authority to modify the Tommy
6  Hilfiger Facility to remove impediments to wheelchair access and to comply with
7  the Americans with Disabilities Act Accessibility Guidelines and Title 24
8  regulations.    The Tommy Hilfiger Defendants have not removed such
9  impediments and have not modified the Tommy Hilfiger Facility to conform to
10  accessibility standards.   The Tommy Hilfiger Defendants have intentionally
11  maintained the Tommy Hilfiger Facility in its current condition and has
12  intentionally refrained from altering the Tommy Hilfiger Facility so that it
13  complies with the accessibility standards.

14       122.  Kohler further alleges that the (continued) presence of barriers at the
15  Tommy Hilfiger Facility is so obvious as to establish the Tommy Hilfiger
16  Defendants' discriminatory intent.[29]   On information and belief, Kohler avers
17  that evidence of the discriminatory intent includes the Tommy Hilfiger
18  Defendants' refusal to adhere to relevant building standards; disregard for the
19  building plans and permits issued for the Tommy Hilfiger Facility; conscientious
20  decision to the architectural layout (as it currently exists) at the Tommy Hilfiger
21  Facility; decision not to remove barriers from the Tommy Hilfiger Facility; and
22  allowance that the Tommy Hilfiger Facility continues to exist in its non-
23  compliant state.  Kohler further alleges, on information and belief, that the
24  Tommy Hilfiger Defendants are not in the midst of a remodel, and that the
25  barriers present at the Tommy Hilfiger Facility are not isolated (or temporary)
26  interruptions in access due to maintenance or repairs.[30]

27

28  [29] E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
  [30] Id.; 28 C.F.R. § 36.211(b)

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 38

123.   The Van Heusen Defendants knew that these elements and areas of the Van Heusen Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, the Van Heusen Defendants have the financial resources to remove these barriers from the Van Heusen Facility (without much difficulty or expense), and make the Van Heusen Facility accessible to the physically disabled.  To date, however, the Van Heusen Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

124.   At all relevant times, the Van Heusen Defendants have possessed and enjoyed sufficient control and authority to modify the Van Heusen Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  The Van Heusen Defendants have not removed such impediments and have not modified the Van Heusen Facility to conform to accessibility standards.  The Van Heusen Defendants have intentionally maintained the Van Heusen Facility in its current condition and has intentionally refrained from altering the Van Heusen Facility so that it complies with the accessibility standards.

125.   Kohler further alleges that the (continued) presence of barriers at the Van Heusen Facility is so obvious as to establish the Van Heusen Defendants' discriminatory intent.[31]  On information and belief, Kohler avers that evidence of the discriminatory intent includes the Van Heusen Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Van Heusen Facility; conscientious decision to the architectural layout (as it currently exists) at the Van Heusen Facility; decision not to remove barriers from the Van Heusen Facility; and allowance that the Van Heusen Facility continues to exist in its non-compliant state.  Kohler further alleges, on

---

[31]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    information and belief, that the Van Heusen Defendants are not in the midst of a

2    remodel, and that the barriers present at the Van Heusen Facility are not isolated

3    (or temporary) interruptions in access due to maintenance or repairs.

4    126.  The Banana Republic Defendants knew that these elements and

5    areas of the Banana Republic Facility were inaccessible, violate state and federal

6    law, and interfere with (or deny) access to the physically disabled.  Moreover,

7    the Banana Republic Defendants have the financial resources to remove these

8    barriers from the Banana Republic Facility (without much difficulty or expense),

9    and make the Banana Republic Facility accessible to the physically disabled.  To

10   date, however, the Banana Republic Defendants refuse to either remove those

11   barriers or seek an unreasonable hardship exemption to excuse non-compliance.

12   127.  At all relevant times, the Banana Republic Defendants have

13   possessed and enjoyed sufficient control and authority to modify the Banana

14   Republic Facility to remove impediments to wheelchair access and to comply

15   with the Americans with Disabilities Act Accessibility Guidelines and Title 24

16   regulations.   The Banana Republic Defendants have not removed such

17   impediments and have not modified the Banana Republic Facility to conform to

18   accessibility standards.   The Banana Republic Defendants have intentionally

19   maintained the Banana Republic Facility in its current condition and has

20   intentionally refrained from altering the Banana Republic Facility so that it

21   complies with the accessibility standards.

22   128.  Kohler further alleges that the (continued) presence of barriers at the

23   Banana Republic Facility is so obvious as to establish the Banana Republic

24   Defendants' discriminatory intent.[32]  On information and belief, Kohler avers

25   that evidence of the discriminatory intent includes the Banana Republic

26   Defendants' refusal to adhere to relevant building standards; disregard for the

27

28

[32]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  building plans and permits issued for the Banana Republic Facility;
2  conscientious decision to the architectural layout (as it currently exists) at the
3  Banana Republic Facility; decision not to remove barriers from the Banana
4  Republic Facility; and allowance that the Banana Republic Facility continues to
5  exist in its non-compliant state.  Kohler further alleges, on information and
6  belief, that the Banana Republic Defendants are not in the midst of a remodel,
7  and that the barriers present at the Banana Republic Facility are not isolated (or
8  temporary) interruptions in access due to maintenance or repairs.

9                          VI.    FIRST CLAIM

10               **Americans with Disabilities Act of 1990**

11               Denial of "Full and Equal" Enjoyment and Use

12                        (The Common Area Facility)

13       129.  Kohler incorporates the allegations contained in paragraphs 1
14  through 128 for this claim.

15       130.  Title III of the ADA holds as a "general rule" that no individual
16  shall be discriminated against on the basis of disability in the full and equal
17  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
18  offered by any person who owns, operates, or leases a place of public
19  accommodation. 42 U.S.C. § 12182(a).

20       131.  The Common Area Defendants discriminated against Kohler by
21  denying "full and equal enjoyment" and use of the goods, services, facilities,
22  privileges or accommodations of the Common Area Facility during each visit
23  and each incident of deterrence.

24       Failure to Remove Architectural Barriers in an Existing Facility

25       132.  The ADA specifically prohibits failing to remove architectural
26  barriers, which are structural in nature, in existing facilities where such removal
27  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

133.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

134.   Here, Kohler alleges that the Common Area Defendants can easily remove the architectural barriers at the Common Area Facility without much difficulty or expense, and that the Common Area Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

135.   In the alternative, if it was not "readily achievable" for the Common Area Defendants to remove the Common Area Facility's barriers, then the Common Area Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

136.   On information and belief, the Common Area Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

137.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

138.   Here, the Common Area Defendants violated the ADA by designing or constructing (or both) the Common Area Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[33]

---

[33]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Failure to Make an Altered Facility Accessible

139.   On information and belief, the Common Area Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

140.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

141.   Here, the Common Area Defendants altered the Common Area Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

142.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

143.   Here, the Common Area Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Common Area Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

144.   Kohler seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

145.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Common Area Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM

### Disabled Persons Act

(The Common Area Facility)

146.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

147.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

148.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

149.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

150.   Here, the Common Area Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Common Area Facility.   The Common Area Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

151.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

He also seeks to enjoin the Common Area Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.    THIRD CLAIM
### Unruh Civil Rights Act
(The Common Area Facility)

152.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

153.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

154.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

155.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

156.   The Common Area Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

157.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

158.   Kohler was damaged by the Common Area Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    159.  Kohler also seeks to enjoin the Common Area Defendants from
2 violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and
3 costs incurred under California Civil Code § 52(a).

### IX.    FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Common Area Facility)

7    160.  Kohler incorporates the allegations contained in paragraphs 1
8 through 128 for this claim.

9    161.  Health and Safety Code § 19955(a) states, in part, that: California
10 public accommodations or facilities (built with private funds) shall adhere to the
11 provisions of Government Code § 4450.

12    162.  Health and Safety Code § 19959 states, in part, that: Every existing
13 (non-exempt) public accommodation constructed prior to July 1, 1970, which is
14 altered or structurally repaired, is required to comply with this chapter.

15    163.  Kohler alleges the Common Area Facility is a public
16 accommodation constructed, altered, or repaired in a manner that violates Part
17 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and
18 that the Common Area Facility was not exempt under Health and Safety Code §
19 19956.

20    164.  The Common Area Defendants' non-compliance with these
21 requirements at the Common Area Facility aggrieved (or potentially aggrieved)
22 Kohler and other persons with physical disabilities.  Accordingly, he seeks
23 injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

24 ///
25 ///
26 ///
27 ///
28 ///

1

## X.    FIFTH CLAIM

## Americans with Disabilities Act of 1990

## Denial of "Full and Equal" Enjoyment and Use

(The Adidas Facility)

165.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

166.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

167.   The Adidas Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Adidas Facility during each visit and each incident of deterrence.

## Failure to Remove Architectural Barriers in an Existing Facility

168.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

169.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

170.   Here, Kohler alleges that the Adidas Defendants can easily remove the architectural barriers at the Adidas Facility without much difficulty or

expense, and that the Adidas Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

171.  In the alternative, if it was not "readily achievable" for the Adidas Defendants to remove the Adidas Facility's barriers, then the Adidas Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<div align="center">Failure to Design and Construct an Accessible Facility</div>

172.  On information and belief, the Adidas Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

173.  The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

174.  Here, the Adidas Defendants violated the ADA by designing or constructing (or both) the Adidas Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[34]

<div align="center">Failure to Make an Altered Facility Accessible</div>

175.  On information and belief, the Adidas Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

176.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making

---

[34]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

<div align="center">Page 48</div>

the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

177.  Here, the Adidas Defendants altered the Adidas Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

178.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

179.  Here, the Adidas Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Adidas Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

180.  Kohler seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

181.  Kohler also seeks a finding from this Court (i.e., declaratory relief) that the Adidas Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

<div align="center">

XI.      SIXTH CLAIM

**Disabled Persons Act**

(The Adidas Facility)

</div>

182.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

183.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

184.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

185.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

186.  Here, the Adidas Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Adidas Facility.  The Adidas Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

187.  For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

188.  He also seeks to enjoin the Adidas Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### XII.    SEVENTH CLAIM

### Unruh Civil Rights Act

(The Adidas Facility)

189.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

190.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

191.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

192.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

193.   The Adidas Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

194.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

195.   Kohler was damaged by the Adidas Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

196.   Kohler also seeks to enjoin the Adidas Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XIII.   EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Adidas Facility)

197.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

198.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

199.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

200.   Kohler alleges the Adidas Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Adidas Facility was not exempt under Health and Safety Code § 19956.

201.   The Adidas Defendants' non-compliance with these requirements at the Adidas Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV.     NINTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Brooks Brothers Facility)

202.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

203.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

204.   The Brooks Brothers Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities,

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  privileges or accommodations of the Brooks Brothers Facility during each visit
2  and each incident of deterrence.

3  ### Failure to Remove Architectural Barriers in an Existing Facility

4  205.   The ADA specifically prohibits failing to remove architectural
5  barriers, which are structural in nature, in existing facilities where such removal
6  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
7  achievable" is defined as "easily accomplishable and able to be carried out
8  without much difficulty or expense." Id. § 12181(9).

9  206.   When an entity can demonstrate that removal of a barrier is not
10  readily achievable, a failure to make goods, services, facilities, or
11  accommodations available through alternative methods is also specifically
12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13  207.   Here, Kohler alleges that the Brooks Brothers Defendants can easily
14  remove the architectural barriers at the Brooks Brothers Facility without much
15  difficulty or expense, and that the Brooks Brothers Defendants violated the ADA
16  by failing to remove those barriers, when it was readily achievable to do so.

17  208.   In the alternative, if it was not "readily achievable" for the Brooks
18  Brothers Defendants to remove the Brooks Brothers Facility's barriers, then the
19  Brooks Brothers Defendants violated the ADA by failing to make the required
20  services available through alternative methods, which are readily achievable.

21  ### Failure to Design and Construct an Accessible Facility

22  209.   On information and belief, the Brooks Brothers Facility was
23  designed or constructed (or both) after January 26, 1992—independently
24  triggering access requirements under Title III of the ADA.

25  210.   The ADA also prohibits designing and constructing facilities for
26  first occupancy after January 26, 1993, that aren't readily accessible to, and
27  usable by, individuals with disabilities when it was structurally practicable to do
28  so. 42 U.S.C. § 12183(a)(1).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

211. Here, the Brooks Brothers Defendants violated the ADA by designing or constructing (or both) the Brooks Brothers Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[35]

### Failure to Make an Altered Facility Accessible

212. On information and belief, the Brooks Brothers Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

213. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

214. Here, the Brooks Brothers Defendants altered the Brooks Brothers Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

215. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

216. Here, the Brooks Brothers Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Brooks Brothers Facility, when these modifications were necessary to afford

---

[35] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  (and would not fundamentally alter the nature of) these goods, services,
2  facilities, or accommodations.

3  217.  Kohler seeks all relief available under the ADA (*i.e.*, injunctive
4  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5  U.S.C. § 12205.

6  218.  Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)
7  that the Brooks Brothers Defendants violated the ADA in order to pursue
8  damages under California's Unruh Civil Rights Act or Disabled Persons Act.

9  <div align="center">XV.     TENTH CLAIM</div>
10  <div align="center">**Disabled Persons Act**</div>
11  <div align="center">(The Brooks Brothers Facility)</div>

12  219.  Kohler incorporates the allegations contained in paragraphs 1
13  through 128 for this claim.

14  220.  California Civil Code § 54 states, in part, that: Individuals with
15  disabilities have the same right as the general public to the full and free use of
16  the streets, sidewalks, walkways, public buildings and facilities, and other public
17  places.

18  221.  California Civil Code § 54.1 also states, in part, that: Individuals
19  with disabilities shall be entitled to full and equal access to accommodations,
20  facilities, telephone facilities, places of public accommodation, and other places
21  to which the general public is invited.

22  222.  Both sections specifically incorporate (by reference) an individual's
23  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24  223.  Here, the Brooks Brothers Defendants discriminated against the
25  physically disabled public—including Kohler—by denying them full and equal
26  access to the Brooks Brothers Facility.  The Brooks Brothers Defendants also
27  violated Kohler's rights under the ADA, and, therefore, infringed upon or
28  violated (or both) Kohler's rights under the Disabled Persons Act.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

224. <u>For each offense</u> of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

225. He also seeks to enjoin the Brooks Brothers Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

<div align="center">

XVI.    ELEVENTH CLAIM

**Unruh Civil Rights Act**

(The Brooks Brothers Facility)

</div>

226. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

227. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

228. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

229. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

230. The Brooks Brothers Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

231. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

232. Kohler was damaged by the Brooks Brothers Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

233. Kohler also seeks to enjoin the Brooks Brothers Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

XVII.   TWELVTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Brooks Brothers Facility)

234. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

235. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

236. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

237. Kohler alleges the Brooks Brothers Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Brooks Brothers Facility was not exempt under Health and Safety Code § 19956.

238. The Brooks Brothers Defendants' non-compliance with these requirements at the Brooks Brothers Facility aggrieved (or potentially aggrieved)

Kohler and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

XVIII.   THIRTEENTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Converse Facility)

239.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

240.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

241.   The Converse Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Converse Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

242.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

243.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

244.   Here, Kohler alleges that the Converse Defendants can easily remove the architectural barriers at the Converse Facility without much difficulty or expense, and that the Converse Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

245.   In the alternative, if it was not "readily achievable" for the Converse Defendants to remove the Converse Facility's barriers, then the Converse Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

246.   On information and belief, the Converse Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

247.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

248.   Here, the Converse Defendants violated the ADA by designing or constructing (or both) the Converse Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[36]

<u>Failure to Make an Altered Facility Accessible</u>

249.   On information and belief, the Converse Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

250.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

---

[36] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 59

1    an area that contains a facility's primary function also requires adding making
2    the paths of travel, bathrooms, telephones, and drinking fountains serving that
3    area accessible to the maximum extent feasible. Id.

4        251.  Here, the Converse Defendants altered the Converse Facility in a
5    manner that violated the ADA and was not readily accessible to the physically
6    disabled public—including Kohler—to the maximum extent feasible.

7                    Failure to Modify Existing Policies and Procedures

8        252.  The ADA also requires reasonable modifications in policies,
9    practices, or procedures, when necessary to afford such goods, services,
10   facilities, or accommodations to individuals with disabilities, unless the entity
11   can demonstrate that making such modifications would fundamentally alter their
12   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13       253.  Here, the Converse Defendants violated the ADA by failing to make
14   reasonable modifications in policies, practices, or procedures at the Converse
15   Facility, when these modifications were necessary to afford (and would not
16   fundamentally alter the nature of) these goods, services, facilities, or
17   accommodations.

18       254.  Kohler seeks all relief available under the ADA (i.e., injunctive
19   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
20   U.S.C. § 12205.

21       255.  Kohler also seeks a finding from this Court (i.e., declaratory relief)
22   that the Converse Defendants violated the ADA in order to pursue damages
23   under California's Unruh Civil Rights Act or Disabled Persons Act.

24                    XIX.    FOURTEENTH CLAIM

25                         **Disabled Persons Act**

26                         (The Converse Facility)

27       256.  Kohler incorporates the allegations contained in paragraphs 1
28   through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

257.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

258.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

259.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

260.  Here, the Converse Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Converse Facility.  The Converse Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

261.  For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

262.  He also seeks to enjoin the Converse Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

<div align="center">

XX.     FIFTEENTH CLAIM

**Unruh Civil Rights Act**

(The Converse Facility)

</div>

263.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

<div align="center">Page 61</div>

264.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

265.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

266.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

267.   The Converse Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

268.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

269.   Kohler was damaged by the Converse Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

270.   Kohler also seeks to enjoin the Converse Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXI.   SIXTEENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Converse Facility)

271.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

272.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

273.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

274.   Kohler alleges the Converse Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Converse Facility was not exempt under Health and Safety Code § 19956.

275.   The Converse Defendants' non-compliance with these requirements at the Converse Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXII.   SEVENTEENTH CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

#### (The Le Gourmet Chef Facility)

276.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

277.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

278.   The Le Gourmet Chef Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities,

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   privileges or accommodations of the Le Gourmet Chef Facility during each visit

2   and each incident of deterrence.

3       Failure to Remove Architectural Barriers in an Existing Facility

4       279.  The ADA specifically prohibits failing to remove architectural

5   barriers, which are structural in nature, in existing facilities where such removal

6   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

7   achievable" is defined as "easily accomplishable and able to be carried out

8   without much difficulty or expense." Id. § 12181(9).

9       280.  When an entity can demonstrate that removal of a barrier is not

10  readily achievable, a failure to make goods, services, facilities, or

11  accommodations available through alternative methods is also specifically

12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13      281.  Here, Kohler alleges that the Le Gourmet Chef Defendants can

14  easily remove the architectural barriers at the Le Gourmet Chef Facility without

15  much difficulty or expense, and that the Le Gourmet Chef Defendants violated

16  the ADA by failing to remove those barriers, when it was readily achievable to

17  do so.

18      282.  In the alternative, if it was not "readily achievable" for the Le

19  Gourmet Chef Defendants to remove the Le Gourmet Chef Facility's barriers,

20  then the Le Gourmet Chef Defendants violated the ADA by failing to make the

21  required services available through alternative methods, which are readily

22  achievable.

23      Failure to Design and Construct an Accessible Facility

24      283.  On information and belief, the Le Gourmet Chef Facility was

25  designed or constructed (or both) after January 26, 1992—independently

26  triggering access requirements under Title III of the ADA.

27      284.  The ADA also prohibits designing and constructing facilities for

28  first occupancy after January 26, 1993, that aren't readily accessible to, and

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    usable by, individuals with disabilities when it was structurally practicable to do

2    so. 42 U.S.C. § 12183(a)(1).

3        285.  Here, the Le Gourmet Chef Defendants violated the ADA by

4    designing or constructing (or both) the Le Gourmet Chef Facility in a manner

5    that was not readily accessible to the physically disabled public—including

6    Kohler—when it was structurally practical to do so.[37]

7                    Failure to Make an Altered Facility Accessible

8        286.  On information and belief, the Le Gourmet Chef Facility was

9    modified after January 26, 1992, independently triggering access requirements

10   under the ADA.

11       287.  The ADA also requires that facilities altered in a manner that affects

12   (or could affect) its usability must be made readily accessible to individuals with

13   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

14   an area that contains a facility's primary function also requires adding making

15   the paths of travel, bathrooms, telephones, and drinking fountains serving that

16   area accessible to the maximum extent feasible. Id.

17       288.  Here, the Le Gourmet Chef Defendants altered the Le Gourmet Chef

18   Facility in a manner that violated the ADA and was not readily accessible to the

19   physically disabled public—including Kohler—to the maximum extent feasible.

20                 Failure to Modify Existing Policies and Procedures

21       289.  The ADA also requires reasonable modifications in policies,

22   practices, or procedures, when necessary to afford such goods, services,

23   facilities, or accommodations to individuals with disabilities, unless the entity

24   can demonstrate that making such modifications would fundamentally alter their

25   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

26

27

28   [37]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
     private attorney general under either state or federal statutes.
     *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
     Plaintiff's Complaint

1    290.  Here, the Le Gourmet Chef Defendants violated the ADA by failing
2  to make reasonable modifications in policies, practices, or procedures at the Le
3  Gourmet Chef Facility, when these modifications were necessary to afford (and
4  would not fundamentally alter the nature of) these goods, services, facilities, or
5  accommodations.

6    291.  Kohler seeks all relief available under the ADA (*i.e.,* injunctive
7  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
8  U.S.C. § 12205.

9    292.  Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)
10 that the Le Gourmet Chef Defendants violated the ADA in order to pursue
11 damages under California's Unruh Civil Rights Act or Disabled Persons Act.

<div align="center">

XXIII.   TWENTY-SECOND CLAIM

**Disabled Persons Act**

(The Le Gourmet Chef Facility)

</div>

15   293.  Kohler incorporates the allegations contained in paragraphs 1
16 through 128 for this claim.

17   294.  California Civil Code § 54 states, in part, that: Individuals with
18 disabilities have the same right as the general public to the full and free use of
19 the streets, sidewalks, walkways, public buildings and facilities, and other public
20 places.

21   295.  California Civil Code § 54.1 also states, in part, that: Individuals
22 with disabilities shall be entitled to full and equal access to accommodations,
23 facilities, telephone facilities, places of public accommodation, and other places
24 to which the general public is invited.

25   296.  Both sections specifically incorporate (by reference) an individual's
26 rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

27   297.  Here, the Le Gourmet Chef Defendants discriminated against the
28 physically disabled public—including Kohler—by denying them full and equal

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   access to the Le Gourmet Chef Facility.  The Le Gourmet Chef Defendants also

2   violated Kohler's rights under the ADA, and, therefore, infringed upon or

3   violated (or both) Kohler's rights under the Disabled Persons Act.

4       298.  For each offense of the Disabled Persons Act, Kohler seeks actual

5   damages (both general and special damages), statutory minimum damages of one

6   thousand dollars ($1,000), declaratory relief, and any other remedy available

7   under California Civil Code § 54.3.

8       He also seeks to enjoin the Le Gourmet Chef Defendants from violating

9   the Disabled Persons Act (and ADA) under California Civil Code § 55, and to

10   recover reasonable attorneys' fees and incurred under California Civil Code §§

11   54.3 and 55.

12                    XXIV.    TWENTY-THIRD CLAIM

13                        **Unruh Civil Rights Act**

14                      (The Le Gourmet Chef Facility)

15       299.  Kohler incorporates the allegations contained in paragraphs 1

16   through 128 for this claim.

17       300.  California Civil Code § 51 states, in part, that: All persons within

18   the jurisdiction of this state are entitled to the full and equal accommodations,

19   advantages, facilities, privileges, or services in all business establishments of

20   every kind whatsoever.

21       301.  California Civil Code § 51.5 also states, in part, that: No business

22   establishment of any kind whatsoever shall discriminate against any person in

23   this state because of the disability of the person.

24       302.  California Civil Code § 51(f) specifically incorporates (by

25   reference) an individual's rights under the ADA into the Unruh Act.

26       303.  The Le Gourmet Chef Defendants' aforementioned acts and

27   omissions denied the physically disabled public—including Kohler—full and

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  equal accommodations, advantages, facilities, privileges and services in a
2  business establishment (because of their physical disability).

3      304.   These acts and omissions (including the ones that violate the ADA)
4  denied, aided or incited a denial, or discriminated against Kohler by violating the
5  Unruh Act.

6      305.   Kohler was damaged by the Le Gourmet Chef Defendants' wrongful
7  conduct, and seeks statutory minimum damages of four thousand dollars
8  ($4,000) for each offense.

9      306.   Kohler also seeks to enjoin the Le Gourmet Chef Defendants from
10  violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and
11  costs incurred under California Civil Code § 52(a).

12      XXV.   TWENTY-FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Le Gourmet Chef Facility)

15      307.   Kohler incorporates the allegations contained in paragraphs 1
16  through 128 for this claim.

17      308.   Health and Safety Code § 19955(a) states, in part, that: California
18  public accommodations or facilities (built with private funds) shall adhere to the
19  provisions of Government Code § 4450.

20      309.   Health and Safety Code § 19959 states, in part, that: Every existing
21  (non-exempt) public accommodation constructed prior to July 1, 1970, which is
22  altered or structurally repaired, is required to comply with this chapter.

23      310.   Kohler alleges the Le Gourmet Chef Facility is a public
24  accommodation constructed, altered, or repaired in a manner that violates Part
25  5.5 of the Health and Safety Code or Government Code § 4450 (or both), and
26  that the Le Gourmet Chef Facility was not exempt under Health and Safety Code
27  § 19956.

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

311.  The Le Gourmet Chef Defendants' non-compliance with these requirements at the Le Gourmet Chef Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXVI.   TWENTY-FIFTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Gap Facility)

312.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

313.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

314.  The Gap Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Gap Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

315.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

316.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  accommodations available through alternative methods is also specifically
2  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

3      317.   Here, Kohler alleges that the Gap Defendants can easily remove the
4  architectural barriers at the Gap Facility without much difficulty or expense, and
5  that the Gap Defendants violated the ADA by failing to remove those barriers,
6  when it was readily achievable to do so.

7      318.   In the alternative, if it was not "readily achievable" for the Gap
8  Defendants to remove the Gap Facility's barriers, then the Gap Defendants
9  violated the ADA by failing to make the required services available through
10 alternative methods, which are readily achievable.

11          Failure to Design and Construct an Accessible Facility

12     319.   On information and belief, the Gap Facility was designed or
13 constructed (or both) after January 26, 1992—independently triggering access
14 requirements under Title III of the ADA.

15     320.   The ADA also prohibits designing and constructing facilities for
16 first occupancy after January 26, 1993, that aren't readily accessible to, and
17 usable by, individuals with disabilities when it was structurally practicable to do
18 so. 42 U.S.C. § 12183(a)(1).

19     321.   Here, the Gap Defendants violated the ADA by designing or
20 constructing (or both) the Gap Facility in a manner that was not readily
21 accessible to the physically disabled public—including Kohler—when it was
22 structurally practical to do so.[38]

23          Failure to Make an Altered Facility Accessible

24     322.   On information and belief, the Gap Facility was modified after
25 January 26, 1992, independently triggering access requirements under the ADA.

26

27

---

28  [38]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
       private attorney general under either state or federal statutes.
       *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
       Plaintiff's Complaint

323.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

324.   Here, the Gap Defendants altered the Gap Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

325.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

326.   Here, the Gap Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Gap Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

327.   Kohler seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

328.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Gap Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

///

///

///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## XXVII.   TWENTY-SIXTH CLAIM

### Disabled Persons Act

(The Gap Facility)

329.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

330.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

331.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

332.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

333.   Here, the Gap Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Gap Facility.  The Gap Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

334.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

He also seeks to enjoin the Gap Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## XXVIII.   TWENTY-SEVENTH CLAIM

### Unruh Civil Rights Act

(The Gap Facility)

335.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

336.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

337.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

338.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

339.   The Gap Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

340.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

341.   Kohler was damaged by the Gap Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

342.   Kohler also seeks to enjoin the Gap Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## XXIX.   TWENTY-EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Gap Facility)

343.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

344.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

345.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

346.   Kohler alleges the Gap Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Gap Facility was not exempt under Health and Safety Code § 19956.

347.   The Gap Defendants' non-compliance with these requirements at the Gap Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXX.   TWENTY-NINTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Hot Dog Facility)

348.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

349.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations

1  offered by any person who owns, operates, or leases a place of public
2  accommodation. 42 U.S.C. § 12182(a).

3      350.  The Hot Dog Defendants discriminated against Kohler by denying
4  "full and equal enjoyment" and use of the goods, services, facilities, privileges or
5  accommodations of the Hot Dog Facility during each visit and each incident of
6  deterrence.

7           Failure to Remove Architectural Barriers in an Existing Facility

8      351.  The ADA specifically prohibits failing to remove architectural
9  barriers, which are structural in nature, in existing facilities where such removal
10  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
11  achievable" is defined as "easily accomplishable and able to be carried out
12  without much difficulty or expense." Id. § 12181(9).

13      352.  When an entity can demonstrate that removal of a barrier is not
14  readily achievable, a failure to make goods, services, facilities, or
15  accommodations available through alternative methods is also specifically
16  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

17      353.  Here, Kohler alleges that the Hot Dog Defendants can easily remove
18  the architectural barriers at the Hot Dog Facility without much difficulty or
19  expense, and that the Hot Dog Defendants violated the ADA by failing to
20  remove those barriers, when it was readily achievable to do so.

21      354.  In the alternative, if it was not "readily achievable" for the Hot Dog
22  Defendants to remove the Hot Dog Facility's barriers, then the Hot Dog
23  Defendants violated the ADA by failing to make the required services available
24  through alternative methods, which are readily achievable.

25           Failure to Design and Construct an Accessible Facility

26      355.  On information and belief, the Hot Dog Facility was designed or
27  constructed (or both) after January 26, 1992—independently triggering access
28  requirements under Title III of the ADA.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

356.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

357.   Here, the Hot Dog Defendants violated the ADA by designing or constructing (or both) the Hot Dog Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[39]

### Failure to Make an Altered Facility Accessible

358.   On information and belief, the Hot Dog Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

359.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

360.   Here, the Hot Dog Defendants altered the Hot Dog Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

361.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[39]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

362.  Here, the Hot Dog Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Hot Dog Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

363.  Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

364.  Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Hot Dog Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XXXI.    THIRTIETH CLAIM

### Disabled Persons Act

(The Hot Dog Facility)

365.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

366.  California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

367.  California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

368.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

369.  Here, the Hot Dog Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to

the Hot Dog Facility.  The Hot Dog Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

370.  <u>For each offense</u> of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

371.  He also seeks to enjoin the Hot Dog Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

<div align="center">

XXXII.   THIRTY-FIRST CLAIM

**Unruh Civil Rights Act**

(The Hot Dog Facility)

</div>

372.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

373.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

374.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

375.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

376.  The Hot Dog Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal

1  accommodations, advantages, facilities, privileges and services in a business
2  establishment (because of their physical disability).

3      377.  These acts and omissions (including the ones that violate the ADA)
4  denied, aided or incited a denial, or discriminated against Kohler by violating the
5  Unruh Act.

6      378.  Kohler was damaged by the Hot Dog Defendants' wrongful
7  conduct, and seeks statutory minimum damages of four thousand dollars
8  ($4,000) for each offense.

9      379.  Kohler also seeks to enjoin the Hot Dog Defendants from violating
10  the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs
11  incurred under California Civil Code § 52(a).

12                XXXIII.   THIRTY-SECOND CLAIM
13      **Denial of Full and Equal Access to Public Facilities**
14               (The Hot Dog Facility)

15      380.  Kohler incorporates the allegations contained in paragraphs 1
16  through 128 for this claim.

17      381.  Health and Safety Code § 19955(a) states, in part, that: California
18  public accommodations or facilities (built with private funds) shall adhere to the
19  provisions of Government Code § 4450.

20      382.  Health and Safety Code § 19959 states, in part, that: Every existing
21  (non-exempt) public accommodation constructed prior to July 1, 1970, which is
22  altered or structurally repaired, is required to comply with this chapter.

23      383.  Kohler alleges the Hot Dog Facility is a public accommodation
24  constructed, altered, or repaired in a manner that violates Part 5.5 of the Health
25  and Safety Code or Government Code § 4450 (or both), and that the Hot Dog
26  Facility was not exempt under Health and Safety Code § 19956.

27      384.  The Hot Dog Defendants' non-compliance with these requirements
28  at the Hot Dog Facility aggrieved (or potentially aggrieved) Kohler and other

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   persons with physical disabilities.  Accordingly, He seeks injunctive relief and

2   attorney fees pursuant to Health and Safety Code § 19953.

### XXXIV.   THIRTY-THIRD CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Jockey Facility)

7   385.  Kohler incorporates the allegations contained in paragraphs 1

8   through 128 for this claim.

9   386.  Title III of the ADA holds as a "general rule" that no individual

10  shall be discriminated against on the basis of disability in the full and equal

11  enjoyment (or use) of goods, services, facilities, privileges, and accommodations

12  offered by any person who owns, operates, or leases a place of public

13  accommodation. 42 U.S.C. § 12182(a).

14  387.  The Jockey Defendants discriminated against Kohler by denying

15  "full and equal enjoyment" and use of the goods, services, facilities, privileges or

16  accommodations of the Jockey Facility during each visit and each incident of

17  deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19  388.  The ADA specifically prohibits failing to remove architectural

20  barriers, which are structural in nature, in existing facilities where such removal

21  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily

22  achievable" is defined as "easily accomplishable and able to be carried out

23  without much difficulty or expense." Id. § 12181(9).

24  389.  When an entity can demonstrate that removal of a barrier is not

25  readily achievable, a failure to make goods, services, facilities, or

26  accommodations available through alternative methods is also specifically

27  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

390.   Here, Kohler alleges that the Jockey Defendants can easily remove the architectural barriers at the Jockey Facility without much difficulty or expense, and that the Jockey Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

391.   In the alternative, if it was not "readily achievable" for the Jockey Defendants to remove the Jockey Facility's barriers, then the Jockey Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

392.   On information and belief, the Jockey Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

393.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

394.   Here, the Jockey Defendants violated the ADA by designing or constructing (or both) the Jockey Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[40]

<u>Failure to Make an Altered Facility Accessible</u>

395.   On information and belief, the Jockey Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

396.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

---

[40]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 81

1   an area that contains a facility's primary function also requires adding making
2   the paths of travel, bathrooms, telephones, and drinking fountains serving that
3   area accessible to the maximum extent feasible. Id.

4       397.  Here, the Jockey Defendants altered the Jockey Facility in a manner
5   that violated the ADA and was not readily accessible to the physically disabled
6   public—including Kohler—to the maximum extent feasible.

7                Failure to Modify Existing Policies and Procedures

8       398.  The ADA also requires reasonable modifications in policies,
9   practices, or procedures, when necessary to afford such goods, services,
10  facilities, or accommodations to individuals with disabilities, unless the entity
11  can demonstrate that making such modifications would fundamentally alter their
12  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13      399.  Here, the Jockey Defendants violated the ADA by failing to make
14  reasonable modifications in policies, practices, or procedures at the Jockey
15  Facility, when these modifications were necessary to afford (and would not
16  fundamentally alter the nature of) these goods, services, facilities, or
17  accommodations.

18      400.  Kohler seeks all relief available under the ADA (i.e., injunctive
19  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
20  U.S.C. § 12205.

21      401.  Kohler also seeks a finding from this Court (i.e., declaratory relief)
22  that the Jockey Defendants violated the ADA in order to pursue damages under
23  California's Unruh Civil Rights Act or Disabled Persons Act.

24              XXXV.   THIRTY-FOURTH CLAIM

25                    **Disabled Persons Act**

26                     (The Jockey Facility)

27      402.  Kohler incorporates the allegations contained in paragraphs 1
28  through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

403.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

404.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

405.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

406.   Here, the Jockey Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Jockey Facility.  The Jockey Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

407.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

408.   He also seeks to enjoin the Jockey Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XXXVI.   THIRTY-FIFTH CLAIM

### Unruh Civil Rights Act

(The Jockey Facility)

409.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

410.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

411.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

412.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

413.   The Jockey Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

414.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

415.   Kohler was damaged by the Jockey Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

416.   Kohler also seeks to enjoin the Jockey Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XXXVII.   THIRTY-SIXTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Jockey Facility)

417.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 84

418.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

419.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

420.   Kohler alleges the Jockey Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Jockey Facility was not exempt under Health and Safety Code § 19956.

421.   The Jockey Defendants' non-compliance with these requirements at the Jockey Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXXVIII. THIRTY-SEVENTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(The Kenneth Cole Facility)

422.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

423.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

424.   The Kenneth Cole Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities,

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  privileges or accommodations of the Kenneth Cole Facility during each visit and
2  each incident of deterrence.

3  Failure to Remove Architectural Barriers in an Existing Facility

4  425. The ADA specifically prohibits failing to remove architectural
5  barriers, which are structural in nature, in existing facilities where such removal
6  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily
7  achievable" is defined as "easily accomplishable and able to be carried out
8  without much difficulty or expense." Id. § 12181(9).

9  426. When an entity can demonstrate that removal of a barrier is not
10  readily achievable, a failure to make goods, services, facilities, or
11  accommodations available through alternative methods is also specifically
12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13  427. Here, Kohler alleges that the Kenneth Cole Defendants can easily
14  remove the architectural barriers at the Kenneth Cole Facility without much
15  difficulty or expense, and that the Kenneth Cole Defendants violated the ADA
16  by failing to remove those barriers, when it was readily achievable to do so.

17  428. In the alternative, if it was not "readily achievable" for the Kenneth
18  Cole Defendants to remove the Kenneth Cole Facility's barriers, then the
19  Kenneth Cole Defendants violated the ADA by failing to make the required
20  services available through alternative methods, which are readily achievable.

21  Failure to Design and Construct an Accessible Facility

22  429. On information and belief, the Kenneth Cole Facility was designed
23  or constructed (or both) after January 26, 1992—independently triggering access
24  requirements under Title III of the ADA.

25  430. The ADA also prohibits designing and constructing facilities for
26  first occupancy after January 26, 1993, that aren't readily accessible to, and
27  usable by, individuals with disabilities when it was structurally practicable to do
28  so. 42 U.S.C. § 12183(a)(1).

431.  Here, the Kenneth Cole Defendants violated the ADA by designing or constructing (or both) the Kenneth Cole Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[41]

### Failure to Make an Altered Facility Accessible

432.  On information and belief, the Kenneth Cole Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

433.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

434.  Here, the Kenneth Cole Defendants altered the Kenneth Cole Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

435.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

436.  Here, the Kenneth Cole Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Kenneth Cole Facility, when these modifications were necessary to afford (and

---

[41] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    would not fundamentally alter the nature of) these goods, services, facilities, or

2    accommodations.

3        437.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive

4    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

5    U.S.C. § 12205.

6        438.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)

7    that the Kenneth Cole Defendants violated the ADA in order to pursue damages

8    under California's Unruh Civil Rights Act or Disabled Persons Act.

9                     XXXIX.   THIRTY-EIGHTH CLAIM

10                          **Disabled Persons Act**

11                        (The Kenneth Cole Facility)

12       439.   Kohler incorporates the allegations contained in paragraphs 1

13   through 128 for this claim.

14       440.   California Civil Code § 54 states, in part, that: Individuals with

15   disabilities have the same right as the general public to the full and free use of

16   the streets, sidewalks, walkways, public buildings and facilities, and other public

17   places.

18       441.   California Civil Code § 54.1 also states, in part, that: Individuals

19   with disabilities shall be entitled to full and equal access to accommodations,

20   facilities, telephone facilities, places of public accommodation, and other places

21   to which the general public is invited.

22       442.   Both sections specifically incorporate (by reference) an individual's

23   rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24       443.   Here, the Kenneth Cole Defendants discriminated against the

25   physically disabled public—including Kohler—by denying them full and equal

26   access to the Kenneth Cole Facility.  The Kenneth Cole Defendants also violated

27   Kohler's rights under the ADA, and, therefore, infringed upon or violated (or

28   both) Kohler's rights under the Disabled Persons Act.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

444.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

445.   He also seeks to enjoin the Kenneth Cole Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

XL.    THIRTY-NINTH CLAIM

**Unruh Civil Rights Act**

(The Kenneth Cole Facility)

446.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

447.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

448.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

449.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

450.   The Kenneth Cole Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 89

451.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

452.   Kohler was damaged by the Kenneth Cole Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

453.   Kohler also seeks to enjoin the Kenneth Cole Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XLI.    FOURTIETH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Kenneth Cole Facility)

454.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

455.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

456.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

457.   Kohler alleges the Kenneth Cole Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Kenneth Cole Facility was not exempt under Health and Safety Code § 19956.

458.   The Kenneth Cole Defendants' non-compliance with these requirements at the Kenneth Cole Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## XLII.   FORTY-FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Polo Facility)

459.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

460.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

461.   The Polo Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Polo Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

462.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

463.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

464.   Here, Kohler alleges that the Polo Defendants can easily remove the architectural barriers at the Polo Facility without much difficulty or expense, and

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   that the Polo Defendants violated the ADA by failing to remove those barriers,
2   when it was readily achievable to do so.

3       465.   In the alternative, if it was not "readily achievable" for the Polo
4   Defendants to remove the Polo Facility's barriers, then the Polo Defendants
5   violated the ADA by failing to make the required services available through
6   alternative methods, which are readily achievable.

7                   Failure to Design and Construct an Accessible Facility

8       466.   On information and belief, the Polo Facility was designed or
9   constructed (or both) after January 26, 1992—independently triggering access
10  requirements under Title III of the ADA.

11      467.   The ADA also prohibits designing and constructing facilities for
12  first occupancy after January 26, 1993, that aren't readily accessible to, and
13  usable by, individuals with disabilities when it was structurally practicable to do
14  so. 42 U.S.C. § 12183(a)(1).

15      468.   Here, the Polo Defendants violated the ADA by designing or
16  constructing (or both) the Polo Facility in a manner that was not readily
17  accessible to the physically disabled public—including Kohler—when it was
18  structurally practical to do so.[42]

19                   Failure to Make an Altered Facility Accessible

20      469.   On information and belief, the Polo Facility was modified after
21  January 26, 1992, independently triggering access requirements under the ADA.

22      470.   The ADA also requires that facilities altered in a manner that affects
23  (or could affect) its usability must be made readily accessible to individuals with
24  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
25  an area that contains a facility's primary function also requires adding making

26

27

28  [42]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
         private attorney general under either state or federal statutes.
         *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
         Plaintiff's Complaint

1    the paths of travel, bathrooms, telephones, and drinking fountains serving that
2    area accessible to the maximum extent feasible. Id.

3        471.  Here, the Polo Defendants altered the Polo Facility in a manner that
4    violated the ADA and was not readily accessible to the physically disabled
5    public—including Kohler—to the maximum extent feasible.

6               Failure to Modify Existing Policies and Procedures

7        472.  The ADA also requires reasonable modifications in policies,
8    practices, or procedures, when necessary to afford such goods, services,
9    facilities, or accommodations to individuals with disabilities, unless the entity
10    can demonstrate that making such modifications would fundamentally alter their
11    nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12        473.  Here, the Polo Defendants violated the ADA by failing to make
13    reasonable modifications in policies, practices, or procedures at the Polo Facility,
14    when these modifications were necessary to afford (and would not fundamentally
15    alter the nature of) these goods, services, facilities, or accommodations.

16        474.  Kohler seeks all relief available under the ADA (i.e., injunctive
17    relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
18    U.S.C. § 12205.

19        475.  Kohler also seeks a finding from this Court (i.e., declaratory relief)
20    that the Polo Defendants violated the ADA in order to pursue damages under
21    California's Unruh Civil Rights Act or Disabled Persons Act.

22               XLIII.    FORTY-SECOND CLAIM

23                  **Disabled Persons Act**

24                 (The Polo Facility)

25        476.  Kohler incorporates the allegations contained in paragraphs 1
26    through 128 for this claim.

27        477.  California Civil Code § 54 states, in part, that: Individuals with
28    disabilities have the same right as the general public to the full and free use of

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  the streets, sidewalks, walkways, public buildings and facilities, and other public

2  places.

3  478.  California Civil Code § 54.1 also states, in part, that: Individuals

4  with disabilities shall be entitled to full and equal access to accommodations,

5  facilities, telephone facilities, places of public accommodation, and other places

6  to which the general public is invited.

7  479.  Both sections specifically incorporate (by reference) an individual's

8  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

9  480.  Here, the Polo Defendants discriminated against the physically

10  disabled public—including Kohler—by denying them full and equal access to

11  the Polo Facility.  The Polo Defendants also violated Kohler's rights under the

12  ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under

13  the Disabled Persons Act.

14  481.  For each offense of the Disabled Persons Act, Kohler seeks actual

15  damages (both general and special damages), statutory minimum damages of one

16  thousand dollars ($1,000), declaratory relief, and any other remedy available

17  under California Civil Code § 54.3.

18  482.  He also seeks to enjoin the Polo Defendants from violating the

19  Disabled Persons Act (and ADA) under California Civil Code § 55, and to

20  recover reasonable attorneys' fees and incurred under California Civil Code §§

21  54.3 and 55.

<div align="center">XLIV.    FORTY-THIRD CLAIM</div>

<div align="center">**Unruh Civil Rights Act**</div>

<div align="center">(The Polo Facility)</div>

25  483.  Kohler incorporates the allegations contained in paragraphs 1

26  through 128 for this claim.

27  484.  California Civil Code § 51 states, in part, that: All persons within

28  the jurisdiction of this state are entitled to the full and equal accommodations,

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

<div align="center">Page 94</div>

advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

485.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

486.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

487.   The Polo Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

488.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

489.   Kohler was damaged by the Polo Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

490.   Kohler also seeks to enjoin the Polo Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XLV.   FORTY-FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Polo Facility)

491.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

492.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

493.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

494.   Kohler alleges the Polo Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Polo Facility was not exempt under Health and Safety Code § 19956.

495.   The Polo Defendants' non-compliance with these requirements at the Polo Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XLVI.   FORTY-FIFTH CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

(The Puma Facility)

496.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

497.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

498.   The Puma Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Puma Facility during each visit and each incident of deterrence.

///

///

Failure to Remove Architectural Barriers in an Existing Facility

499.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

500.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

501.  Here, Kohler alleges that the Puma Defendants can easily remove the architectural barriers at the Puma Facility without much difficulty or expense, and that the Puma Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

502.  In the alternative, if it was not "readily achievable" for the Puma Defendants to remove the Puma Facility's barriers, then the Puma Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

503.  On information and belief, the Puma Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

504.  The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

505.  Here, the Puma Defendants violated the ADA by designing or constructing (or both) the Puma Facility in a manner that was not readily

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[43]

### Failure to Make an Altered Facility Accessible

506.  On information and belief, the Puma Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

507.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

508.  Here, the Puma Defendants altered the Puma Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

509.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

510.  Here, the Puma Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Puma Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[43] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Kohler v. Chelsea Carlsbad Finance, LLC, et al.
Plaintiff's Complaint

Page 98

511.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

512.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Puma Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XLVII.   FORTY-SIXTH CLAIM

### Disabled Persons Act

### (The Puma Facility)

513.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

514.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

515.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

516.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

517.   Here, the Puma Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Puma Facility.  The Puma Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

518.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   thousand dollars ($1,000), declaratory relief, and any other remedy available
2   under California Civil Code § 54.3.

3        He also seeks to enjoin the Puma Defendants from violating the Disabled
4   Persons Act (and ADA) under California Civil Code § 55, and to recover
5   reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and
6   55.

7   ### XLVIII.   FORTY-SEVENTH CLAIM

8   **Unruh Civil Rights Act**

9   (The Puma Facility)

10        519.   Kohler incorporates the allegations contained in paragraphs 1
11   through 128 for this claim.

12        520.   California Civil Code § 51 states, in part, that: All persons within
13   the jurisdiction of this state are entitled to the full and equal accommodations,
14   advantages, facilities, privileges, or services in all business establishments of
15   every kind whatsoever.

16        521.   California Civil Code § 51.5 also states, in part, that: No business
17   establishment of any kind whatsoever shall discriminate against any person in
18   this state because of the disability of the person.

19        522.   California Civil Code § 51(f) specifically incorporates (by
20   reference) an individual's rights under the ADA into the Unruh Act.

21        523.   The Puma Defendants' aforementioned acts and omissions denied
22   the physically disabled public—including Kohler—full and equal
23   accommodations, advantages, facilities, privileges and services in a business
24   establishment (because of their physical disability).

25        524.   These acts and omissions (including the ones that violate the ADA)
26   denied, aided or incited a denial, or discriminated against Kohler by violating the
27   Unruh Act.

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

525.   Kohler was damaged by the Puma Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

526.   Kohler also seeks to enjoin the Puma Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

<div align="center">

XLIX.    FORTY-EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Puma Facility)

</div>

527.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

528.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

529.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

530.   Kohler alleges the Puma Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Puma Facility was not exempt under Health and Safety Code § 19956.

531.   The Puma Defendants' non-compliance with these requirements at the Puma Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

///

///

///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

L.    FORTY-NINTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Reebok Facility)

532.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

533.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

534.  The Reebok Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Reebok Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

535.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

536.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

537.  Here, Kohler alleges that the Reebok Defendants can easily remove the architectural barriers at the Reebok Facility without much difficulty or

1   expense, and that the Reebok Defendants violated the ADA by failing to remove

2   those barriers, when it was readily achievable to do so.

3       538. In the alternative, if it was not "readily achievable" for the Reebok

4   Defendants to remove the Reebok Facility's barriers, then the Reebok

5   Defendants violated the ADA by failing to make the required services available

6   through alternative methods, which are readily achievable.

7                    Failure to Design and Construct an Accessible Facility

8       539. On information and belief, the Reebok Facility was designed or

9   constructed (or both) after January 26, 1992—independently triggering access

10  requirements under Title III of the ADA.

11      540. The ADA also prohibits designing and constructing facilities for

12  first occupancy after January 26, 1993, that aren't readily accessible to, and

13  usable by, individuals with disabilities when it was structurally practicable to do

14  so. 42 U.S.C. § 12183(a)(1).

15      541. Here, the Reebok Defendants violated the ADA by designing or

16  constructing (or both) the Reebok Facility in a manner that was not readily

17  accessible to the physically disabled public—including Kohler—when it was

18  structurally practical to do so.[44]

19                    Failure to Make an Altered Facility Accessible

20      542. On information and belief, the Reebok Facility was modified after

21  January 26, 1992, independently triggering access requirements under the ADA.

22      543. The ADA also requires that facilities altered in a manner that affects

23  (or could affect) its usability must be made readily accessible to individuals with

24  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering

25  an area that contains a facility's primary function also requires adding making

26

27

28  [44] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
    private attorney general under either state or federal statutes.
    *Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
    Plaintiff's Complaint

                            Page 103

the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

544. Here, the Reebok Defendants altered the Reebok Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

545. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

546. Here, the Reebok Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Reebok Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

547. Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

548. Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Reebok Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

LI.     FIFTIETH CLAIM

**Disabled Persons Act**

(The Reebok Facility)

549. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

550.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

551.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

552.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

553.   Here, the Reebok Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Reebok Facility.  The Reebok Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

554.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

555.   He also seeks to enjoin the Reebok Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## LII.    FIFTY-FIRST CLAIM

### Unruh Civil Rights Act

### (The Reebok Facility)

556.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

557.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

558.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

559.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

560.   The Reebok Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

561.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

562.   Kohler was damaged by the Reebok Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

563.   Kohler also seeks to enjoin the Reebok Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### LIII.    FIFTY-SECOND CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Reebok Facility)

564.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

565.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

566.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

567.   Kohler alleges the Reebok Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Reebok Facility was not exempt under Health and Safety Code § 19956.

568.   The Reebok Defendants' non-compliance with these requirements at the Reebok Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

<div align="center">

LIV.   FIFTY-THIRD CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Rubio's Facility)

</div>

569.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

570.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

571.   The Rubio's Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or

1    accommodations of the Rubio's Facility during each visit and each incident of

2    deterrence.

3         Failure to Remove Architectural Barriers in an Existing Facility

4         572.   The ADA specifically prohibits failing to remove architectural

5    barriers, which are structural in nature, in existing facilities where such removal

6    is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

7    achievable" is defined as "easily accomplishable and able to be carried out

8    without much difficulty or expense." Id. § 12181(9).

9         573.   When an entity can demonstrate that removal of a barrier is not

10   readily achievable, a failure to make goods, services, facilities, or

11   accommodations available through alternative methods is also specifically

12   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13        574.   Here, Kohler alleges that the Rubio's Defendants can easily remove

14   the architectural barriers at the Rubio's Facility without much difficulty or

15   expense, and that the Rubio's Defendants violated the ADA by failing to remove

16   those barriers, when it was readily achievable to do so.

17        575.   In the alternative, if it was not "readily achievable" for the Rubio's

18   Defendants to remove the Rubio's Facility's barriers, then the Rubio's

19   Defendants violated the ADA by failing to make the required services available

20   through alternative methods, which are readily achievable.

21        Failure to Design and Construct an Accessible Facility

22        576.   On information and belief, the Rubio's Facility was designed or

23   constructed (or both) after January 26, 1992—independently triggering access

24   requirements under Title III of the ADA.

25        577.   The ADA also prohibits designing and constructing facilities for

26   first occupancy after January 26, 1993, that aren't readily accessible to, and

27   usable by, individuals with disabilities when it was structurally practicable to do

28   so. 42 U.S.C. § 12183(a)(1).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 108

578.  Here, the Rubio's Defendants violated the ADA by designing or constructing (or both) the Rubio's Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[45]

Failure to Make an Altered Facility Accessible

579.  On information and belief, the Rubio's Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

580.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

581.  Here, the Rubio's Defendants altered the Rubio's Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

582.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

583.  Here, the Rubio's Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Gap Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[45] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Kohler v. Chelsea Carlsbad Finance, LLC, et al.
Plaintiff's Complaint

584.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

585.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that the Rubio's Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## LV.   FIFTY-FOURTH CLAIM

### Disabled Persons Act

### (The Rubio's Facility)

586.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

587.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

588.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

589.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

590.   Here, the Rubio's Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Rubio's Facility.   The Rubio's Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

591.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   thousand dollars ($1,000), declaratory relief, and any other remedy available
2   under California Civil Code § 54.3.

3   592. He also seeks to enjoin the Rubio's Defendants from violating the
4   Disabled Persons Act (and ADA) under California Civil Code § 55, and to
5   recover reasonable attorneys' fees and incurred under California Civil Code §§
6   54.3 and 55.

7   LVI.   FIFTY-FIFTH CLAIM

**Unruh Civil Rights Act**

(The Rubio's Facility)

10   593. Kohler incorporates the allegations contained in paragraphs 1
11   through 128 for this claim.

12   594. California Civil Code § 51 states, in part, that: All persons within
13   the jurisdiction of this state are entitled to the full and equal accommodations,
14   advantages, facilities, privileges, or services in all business establishments of
15   every kind whatsoever.

16   595. California Civil Code § 51.5 also states, in part, that: No business
17   establishment of any kind whatsoever shall discriminate against any person in
18   this state because of the disability of the person.

19   596. California Civil Code § 51(f) specifically incorporates (by
20   reference) an individual's rights under the ADA into the Unruh Act.

21   597. The Rubio's Defendants' aforementioned acts and omissions denied
22   the physically disabled public—including Kohler—full and equal
23   accommodations, advantages, facilities, privileges and services in a business
24   establishment (because of their physical disability).

25   598. These acts and omissions (including the ones that violate the ADA)
26   denied, aided or incited a denial, or discriminated against Kohler by violating the
27   Unruh Act.

28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

599.   Kohler was damaged by the Rubio's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

600.   Kohler also seeks to enjoin the Rubio's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

<div align="center">

LVII.   FIFTY-SIXTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Rubio's Facility)

</div>

601.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

602.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

603.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

604.   Kohler alleges the Rubio's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Rubio's Facility was not exempt under Health and Safety Code § 19956.

605.   The Rubio's Defendants' non-compliance with these requirements at the Rubio's Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

///

///

///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

LVIII.   FIFTY-SEVENTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Ruby's Facility)

606.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

607.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

608.   The Ruby's Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Ruby's Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

609.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

610.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

611.   Here, Kohler alleges that the Ruby's Defendants can easily remove the architectural barriers at the Ruby's Facility without much difficulty or

1   expense, and that the Ruby's Defendants violated the ADA by failing to remove

2   those barriers, when it was readily achievable to do so.

3       612.   In the alternative, if it was not "readily achievable" for the Ruby's

4   Defendants to remove the Ruby's Facility's barriers, then the Ruby's Defendants

5   violated the ADA by failing to make the required services available through

6   alternative methods, which are readily achievable.

7                  Failure to Design and Construct an Accessible Facility

8       613.   On information and belief, the Ruby's Facility was designed or

9   constructed (or both) after January 26, 1992—independently triggering access

10   requirements under Title III of the ADA.

11       614.   The ADA also prohibits designing and constructing facilities for

12   first occupancy after January 26, 1993, that aren't readily accessible to, and

13   usable by, individuals with disabilities when it was structurally practicable to do

14   so. 42 U.S.C. § 12183(a)(1).

15       615.   Here, the Ruby's Defendants violated the ADA by designing or

16   constructing (or both) the Ruby's Facility in a manner that was not readily

17   accessible to the physically disabled public—including Kohler—when it was

18   structurally practical to do so.[46]

19                  Failure to Make an Altered Facility Accessible

20       616.   On information and belief, the Ruby's Facility was modified after

21   January 26, 1992, independently triggering access requirements under the ADA.

22       617.   The ADA also requires that facilities altered in a manner that affects

23   (or could affect) its usability must be made readily accessible to individuals with

24   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

25   an area that contains a facility's primary function also requires adding making

26

27

---

[46]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
       private attorney general under either state or federal statutes.
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 114

1    the paths of travel, bathrooms, telephones, and drinking fountains serving that
2    area accessible to the maximum extent feasible. Id.

3        618.  Here, the Ruby's Defendants altered the Ruby's Facility in a manner
4    that violated the ADA and was not readily accessible to the physically disabled
5    public—including Kohler—to the maximum extent feasible.

6                Failure to Modify Existing Policies and Procedures

7        619.  The ADA also requires reasonable modifications in policies,
8    practices, or procedures, when necessary to afford such goods, services,
9    facilities, or accommodations to individuals with disabilities, unless the entity
10   can demonstrate that making such modifications would fundamentally alter their
11   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12       620.  Here, the Ruby's Defendants violated the ADA by failing to make
13   reasonable modifications in policies, practices, or procedures at the Ruby's
14   Facility, when these modifications were necessary to afford (and would not
15   fundamentally alter the nature of) these goods, services, facilities, or
16   accommodations.

17       621.  Kohler seeks all relief available under the ADA (i.e., injunctive
18   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
19   U.S.C. § 12205.

20       622.  Kohler also seeks a finding from this Court (i.e., declaratory relief)
21   that the Ruby's Defendants violated the ADA in order to pursue damages under
22   California's Unruh Civil Rights Act or Disabled Persons Act.

23                    LIX.    FIFTY-EIGHTH CLAIM
24                        **Disabled Persons Act**
25                       (The Ruby's Facility)

26       623.  Kohler incorporates the allegations contained in paragraphs 1
27   through 128 for this claim.

28

624. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

625. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

626. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

627. Here, the Ruby's Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Ruby's Facility. The Ruby's Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

628. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

629. He also seeks to enjoin the Ruby's Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

<div align="center">

LX.　　FIFTY-NINTH CLAIM

**Unruh Civil Rights Act**

(The Ruby's Facility)

</div>

630. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

<div align="center">

Page 116

</div>

631.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

632.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

633.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

634.   The Ruby's Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

635.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

636.   Kohler was damaged by the Ruby's Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

637.   Kohler also seeks to enjoin the Ruby's Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

<div align="center">

LXI.   SIXTIETH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Ruby's Facility)

</div>

638.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

639. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

640. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

641. Kohler alleges the Ruby's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Ruby's Facility was not exempt under Health and Safety Code § 19956.

642. The Ruby's Defendants' non-compliance with these requirements at the Ruby's Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities. Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## LXII.    SIXTY-FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Tommy Hilfiger Facility)

643. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

644. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

645. The Tommy Hilfiger Defendants discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities,

1  privileges or accommodations of the Tommy Hilfiger Facility during each visit

2  and each incident of deterrence.

3  Failure to Remove Architectural Barriers in an Existing Facility

4  646. The ADA specifically prohibits failing to remove architectural

5  barriers, which are structural in nature, in existing facilities where such removal

6  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily

7  achievable" is defined as "easily accomplishable and able to be carried out

8  without much difficulty or expense." Id. § 12181(9).

9  647. When an entity can demonstrate that removal of a barrier is not

10  readily achievable, a failure to make goods, services, facilities, or

11  accommodations available through alternative methods is also specifically

12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13  648. Here, Kohler alleges that the Tommy Hilfiger Defendants can easily

14  remove the architectural barriers at the Tommy Hilfiger Facility without much

15  difficulty or expense, and that the Tommy Hilfiger Defendants violated the ADA

16  by failing to remove those barriers, when it was readily achievable to do so.

17  649. In the alternative, if it was not "readily achievable" for the Tommy

18  Hilfiger Defendants to remove the Tommy Hilfiger Facility's barriers, then the

19  Tommy Hilfiger Defendants violated the ADA by failing to make the required

20  services available through alternative methods, which are readily achievable.

21  Failure to Design and Construct an Accessible Facility

22  650. On information and belief, the Tommy Hilfiger Facility was

23  designed or constructed (or both) after January 26, 1992—independently

24  triggering access requirements under Title III of the ADA.

25  651. The ADA also prohibits designing and constructing facilities for

26  first occupancy after January 26, 1993, that aren't readily accessible to, and

27  usable by, individuals with disabilities when it was structurally practicable to do

28  so. 42 U.S.C. § 12183(a)(1).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

652. Here, the Tommy Hilfiger Defendants violated the ADA by designing or constructing (or both) the Tommy Hilfiger Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[47]

### Failure to Make an Altered Facility Accessible

653. On information and belief, the Tommy Hilfiger Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

654. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

655. Here, the Tommy Hilfiger Defendants altered the Tommy Hilfiger Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

656. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

657. Here, the Tommy Hilfiger Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Tommy Hilfiger Facility, when these modifications were necessary to afford

---

[47] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  (and would not fundamentally alter the nature of) these goods, services,
2  facilities, or accommodations.

3  658. Kohler seeks all relief available under the ADA (*i.e.*, injunctive
4  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
5  U.S.C. § 12205.

6  659. Kohler also seeks a finding from this Court (*i.e.*, declaratory relief)
7  that the Tommy Hilfiger Defendants violated the ADA in order to pursue
8  damages under California's Unruh Civil Rights Act or Disabled Persons Act.

9  <div align="center">LXIII.    SIXTY-SECOND CLAIM</div>
10  <div align="center">**Disabled Persons Act**</div>
11  <div align="center">(The Tommy Hilfiger Facility)</div>

12  660. Kohler incorporates the allegations contained in paragraphs 1
13  through 128 for this claim.

14  661. California Civil Code § 54 states, in part, that: Individuals with
15  disabilities have the same right as the general public to the full and free use of
16  the streets, sidewalks, walkways, public buildings and facilities, and other public
17  places.

18  662. California Civil Code § 54.1 also states, in part, that: Individuals
19  with disabilities shall be entitled to full and equal access to accommodations,
20  facilities, telephone facilities, places of public accommodation, and other places
21  to which the general public is invited.

22  663. Both sections specifically incorporate (by reference) an individual's
23  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24  664. Here, the Tommy Hilfiger Defendants discriminated against the
25  physically disabled public—including Kohler—by denying them full and equal
26  access to the Tommy Hilfiger Facility. The Tommy Hilfiger Defendants also
27  violated Kohler's rights under the ADA, and, therefore, infringed upon or
28  violated (or both) Kohler's rights under the Disabled Persons Act.

665. <u>For each offense</u> of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

666. He also seeks to enjoin the Tommy Hilfiger Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## LXIV.   SIXTY-THIRD CLAIM

### Unruh Civil Rights Act

(The Tommy Hilfiger Facility)

667. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

668. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

669. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

670. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

671. The Tommy Hilfiger Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

672.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

673.   Kohler was damaged by the Tommy Hilfiger Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

674.   Kohler also seeks to enjoin the Tommy Hilfiger Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## LXV.   SIXTY-FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Tommy Hilfiger Facility)

675.   Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

676.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

677.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

678.   Kohler alleges the Tommy Hilfiger Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Tommy Hilfiger Facility was not exempt under Health and Safety Code § 19956.

679.   The Tommy Hilfiger Defendants' non-compliance with these requirements at the Tommy Hilfiger Facility aggrieved (or potentially aggrieved)

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1  Kohler and other persons with physical disabilities.   Accordingly, He seeks
2  injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

3  <center>LXVI.   SIXTY-FIFTH CLAIM</center>

4  **Americans with Disabilities Act of 1990**

5  <u>Denial of "Full and Equal" Enjoyment and Use</u>

6  <center>(The Van Heusen Facility)</center>

7      680.  Kohler incorporates the allegations contained in paragraphs 1
8  through 128 for this claim.

9      681.  Title III of the ADA holds as a "general rule" that no individual
10 shall be discriminated against on the basis of disability in the full and equal
11 enjoyment (or use) of goods, services, facilities, privileges, and accommodations
12 offered by any person who owns, operates, or leases a place of public
13 accommodation. 42 U.S.C. § 12182(a).

14     682.  The Van Heusen Defendants discriminated against Kohler by
15 denying "full and equal enjoyment" and use of the goods, services, facilities,
16 privileges or accommodations of the Van Heusen Facility during each visit and
17 each incident of deterrence.

18 <center><u>Failure to Remove Architectural Barriers in an Existing Facility</u></center>

19     683.  The ADA specifically prohibits failing to remove architectural
20 barriers, which are structural in nature, in existing facilities where such removal
21 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily
22 achievable" is defined as "easily accomplishable and able to be carried out
23 without much difficulty or expense." <u>Id.</u> § 12181(9).

24     684.  When an entity can demonstrate that removal of a barrier is not
25 readily achievable, a failure to make goods, services, facilities, or
26 accommodations available through alternative methods is also specifically
27 prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

28

685.   Here, Kohler alleges that the Van Heusen Defendants can easily remove the architectural barriers at the Van Heusen Facility without much difficulty or expense, and that the Van Heusen Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

686.   In the alternative, if it was not "readily achievable" for the Van Heusen Defendants to remove the Van Heusen Facility's barriers, then the Van Heusen Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

687.   On information and belief, the Van Heusen Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

688.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

689.   Here, the Van Heusen Defendants violated the ADA by designing or constructing (or both) the Van Heusen Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[48]

<u>Failure to Make an Altered Facility Accessible</u>

690.   On information and belief, the Van Heusen Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

691.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with

---

[48] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering
2   an area that contains a facility's primary function also requires adding making
3   the paths of travel, bathrooms, telephones, and drinking fountains serving that
4   area accessible to the maximum extent feasible. Id.

5   692.  Here, the Van Heusen Defendants altered the Van Heusen Facility
6   in a manner that violated the ADA and was not readily accessible to the
7   physically disabled public—including Kohler—to the maximum extent feasible.

8   Failure to Modify Existing Policies and Procedures

9   693.  The ADA also requires reasonable modifications in policies,
10   practices, or procedures, when necessary to afford such goods, services,
11   facilities, or accommodations to individuals with disabilities, unless the entity
12   can demonstrate that making such modifications would fundamentally alter their
13   nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

14   694.  Here, the Van Heusen Defendants violated the ADA by failing to
15   make reasonable modifications in policies, practices, or procedures at the Van
16   Heusen Facility, when these modifications were necessary to afford (and would
17   not fundamentally alter the nature of) these goods, services, facilities, or
18   accommodations.

19   695.  Kohler seeks all relief available under the ADA (i.e., injunctive
20   relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
21   U.S.C. § 12205.

22   696.  Kohler also seeks a finding from this Court (i.e., declaratory relief)
23   that the Van Heusen Defendants violated the ADA in order to pursue damages
24   under California's Unruh Civil Rights Act or Disabled Persons Act.

25   ///
26   ///
27   ///
28   ///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## LXVII.   SIXTY-SIXTH CLAIM

### Disabled Persons Act

(The Van Heusen Facility)

697. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

698. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

699. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

700. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

701. Here, the Van Heusen Defendants discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Van Heusen Facility. The Van Heusen Defendants also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

702. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

703. He also seeks to enjoin the Van Heusen Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

## LXVIII.   SIXTY-SEVENTH CLAIM

**Unruh Civil Rights Act**

(The Van Heusen Facility)

704.  Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

705.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

706.  California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

707.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

708.  The Van Heusen Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

709.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

710.  Kohler was damaged by the Van Heusen Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

711.  Kohler also seeks to enjoin the Van Heusen Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 128

## LXIX.    SIXTY-EIGHTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

(The Van Heusen Facility)

712.    Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

713.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

714.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

715.    Kohler alleges the Van Heusen Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Van Heusen Facility was not exempt under Health and Safety Code § 19956.

716.    The Van Heusen Defendants' non-compliance with these requirements at the Van Heusen Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## LXX.    SIXTY-NINTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Banana Republic Facility)

717.    Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

718.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 129

1  offered by any person who owns, operates, or leases a place of public
2  accommodation. 42 U.S.C. § 12182(a).

3      719.  The Banana Republic Defendants discriminated against Kohler by
4  denying "full and equal enjoyment" and use of the goods, services, facilities,
5  privileges or accommodations of the Banana Republic Facility during each visit
6  and each incident of deterrence.

7          Failure to Remove Architectural Barriers in an Existing Facility

8      720.  The ADA specifically prohibits failing to remove architectural
9  barriers, which are structural in nature, in existing facilities where such removal
10 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily
11 achievable" is defined as "easily accomplishable and able to be carried out
12 without much difficulty or expense." Id. § 12181(9).

13     721.  When an entity can demonstrate that removal of a barrier is not
14 readily achievable, a failure to make goods, services, facilities, or
15 accommodations available through alternative methods is also specifically
16 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

17     722.  Here, Kohler alleges that the Banana Republic Defendants can
18 easily remove the architectural barriers at the Banana Republic Facility without
19 much difficulty or expense, and that the Banana Republic Defendants violated
20 the ADA by failing to remove those barriers, when it was readily achievable to
21 do so.

22     723.  In the alternative, if it was not "readily achievable" for the Banana
23 Republic Defendants to remove the Banana Republic Facility's barriers, then the
24 Banana Republic Defendants violated the ADA by failing to make the required
25 services available through alternative methods, which are readily achievable.

26 ///
27 ///
28 ///

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1
<u>Failure to Design and Construct an Accessible Facility</u>

2     724.  On information and belief, the Banana Republic Facility was

3 designed or constructed (or both) after January 26, 1992—independently

4 triggering access requirements under Title III of the ADA.

5     725.  The ADA also prohibits designing and constructing facilities for

6 first occupancy after January 26, 1993, that aren't readily accessible to, and

7 usable by, individuals with disabilities when it was structurally practicable to do

8 so. 42 U.S.C. § 12183(a)(1).

9     726.  Here, the Banana Republic Defendants violated the ADA by

10 designing or constructing (or both) the Banana Republic Facility in a manner that

11 was not readily accessible to the physically disabled public—including Kohler—

12 when it was structurally practical to do so.[49]

13
<u>Failure to Make an Altered Facility Accessible</u>

14     727.  On information and belief, the Banana Republic Facility was

15 modified after January 26, 1992, independently triggering access requirements

16 under the ADA.

17     728.  The ADA also requires that facilities altered in a manner that affects

18 (or could affect) its usability must be made readily accessible to individuals with

19 disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering

20 an area that contains a facility's primary function also requires adding making

21 the paths of travel, bathrooms, telephones, and drinking fountains serving that

22 area accessible to the maximum extent feasible. <u>Id.</u>

23     729.  Here, the Banana Republic Defendants altered the Banana Republic

24 Facility in a manner that violated the ADA and was not readily accessible to the

25 physically disabled public—including Kohler—to the maximum extent feasible.

26 ///

27

28 _____

[49]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

<u>Failure to Modify Existing Policies and Procedures</u>

730. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

731. Here, the Banana Republic Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Banana Republic Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

732. Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

733. Kohler also seeks a finding from this Court (*i.e., declarative relief)* that the Banana Republic Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

<div align="center">

LXXI.   SEVENTIETH CLAIM

**Disabled Persons Act**

(The Banana Republic Facility)

</div>

734. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

735. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

736. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations,

1  facilities, telephone facilities, places of public accommodation, and other places
2  to which the general public is invited.

3      737.  Both sections specifically incorporate (by reference) an individual's
4  rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

5      738.  Here, the Banana Republic Defendants discriminated against the
6  physically disabled public—including Kohler—by denying them full and equal
7  access to the Banana Republic Facility.  The Banana Republic Defendants also
8  violated Kohler's rights under the ADA, and, therefore, infringed upon or
9  violated (or both) Kohler's rights under the Disabled Persons Act.

10     739.  For each offense of the Disabled Persons Act, Kohler seeks actual
11 damages (both general and special damages), statutory minimum damages of one
12 thousand dollars ($1,000), declaratory relief, and any other remedy available
13 under California Civil Code § 54.3.

14     740.  He also seeks to enjoin the Banana Republic Defendants from
15 violating the Disabled Persons Act (and ADA) under California Civil Code § 55,
16 and to recover reasonable attorneys' fees and incurred under California Civil
17 Code §§ 54.3 and 55.

18                    LXXII.   SEVENTY-FIRST CLAIM
19                        **Unruh Civil Rights Act**
20                     (The Banana Republic Facility)

21     741.  Kohler incorporates the allegations contained in paragraphs 1
22 through 128 for this claim.

23     742.  California Civil Code § 51 states, in part, that: All persons within
24 the jurisdiction of this state are entitled to the full and equal accommodations,
25 advantages, facilities, privileges, or services in all business establishments of
26 every kind whatsoever.

27
28

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint
                              Page 133

743. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

744. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

745. The Banana Republic Defendants' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

746. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

747. Kohler was damaged by the Banana Republic Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

748. Kohler also seeks to enjoin the Banana Republic Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### LXXIII.   SEVENTY-SECOND CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Banana Republic Facility)

749. Kohler incorporates the allegations contained in paragraphs 1 through 128 for this claim.

750. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

751.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

752.   Kohler alleges the Banana Republic Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Banana Republic Facility was not exempt under Health and Safety Code § 19956.

753.   The Banana Republic Defendants' non-compliance with these requirements at the Banana Republic Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, He seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## LXXIV.   PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Common Area Defendants for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that the Common Area Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[50]

5.     Interest at the legal rate from the date of the filing of this action.

///

///

---

[50]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 135

1

## LXXV.   PRAYER FOR RELIEF

2   WHEREFORE, Kohler prays judgment against the Adidas Defendants for:

3   1.      Injunctive relief, preventive relief, or any other relief the Court deems

4   proper.

5   2.      Declaratory relief that the Adidas Defendants violated the ADA for the

6   purposes of Unruh Act or Disabled Persons Act damages.

7   3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

8   California Civil Code (but not both) according to proof.

9   4.      Attorneys' fees, litigation expenses, and costs of suit.[51]

10   5.      Interest at the legal rate from the date of the filing of this action.

11   ## LXXVI.   PRAYER FOR RELIEF

12   WHEREFORE, Kohler prays judgment against the Brooks Brothers Defendants

13   for:

14   1.      Injunctive relief, preventive relief, or any other relief the Court deems

15   proper.

16   2.      Declaratory relief that the Brooks Brothers Defendants violated the ADA

17   for the purposes of Unruh Act or Disabled Persons Act damages.

18   3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

19   California Civil Code (but not both) according to proof.

20   4.      Attorneys' fees, litigation expenses, and costs of suit.[52]

21   5.      Interest at the legal rate from the date of the filing of this action.

22   ## LXXVII.  PRAYER FOR RELIEF

23   WHEREFORE, Kohler prays judgment against the Converse Defendants for:

24   1.      Injunctive relief, preventive relief, or any other relief the Court deems

25   proper.

26

27

28

---

[51]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[52]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

2.    Declaratory relief that the Converse Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[53]

5.    Interest at the legal rate from the date of the filing of this action.

### LXXVIII.   PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Le Gourmet Chef Defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Le Gourmet Chef Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[54]

5.    Interest at the legal rate from the date of the filing of this action.

### LXXIX.   PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Gap Defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Gap Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[55]

---

[53] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[54] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    5.      Interest at the legal rate from the date of the filing of this action.

2                        LXXX.    PRAYER FOR RELIEF

3    WHEREFORE, Kohler prays judgment against the Hot Dog Defendants for:

4    1.      Injunctive relief, preventive relief, or any other relief the Court deems

5    proper.

6    2.      Declaratory relief that the Hot Dog Defendants violated the ADA for the

7    purposes of Unruh Act or Disabled Persons Act damages.

8    3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

9    California Civil Code (but not both) according to proof.

10   4.      Attorneys' fees, litigation expenses, and costs of suit.[56]

11   5.      Interest at the legal rate from the date of the filing of this action.

12                       LXXXI.   PRAYER FOR RELIEF

13   WHEREFORE, Kohler prays judgment against the Jockey Defendants for:

14   1.      Injunctive relief, preventive relief, or any other relief the Court deems

15   proper.

16   2.      Declaratory relief that the Jockey Defendants violated the ADA for the

17   purposes of Unruh Act or Disabled Persons Act damages.

18   3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the

19   California Civil Code (but not both) according to proof.

20   4.      Attorneys' fees, litigation expenses, and costs of suit.[57]

21   5.      Interest at the legal rate from the date of the filing of this action.

22                       LXXXII.  PRAYER FOR RELIEF

23   WHEREFORE, Kohler prays judgment against the Kenneth Cole Defendants for:

24   1.      Injunctive relief, preventive relief, or any other relief the Court deems

25   proper.

26

27

28

---

[55]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[56]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[57]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

2.      Declaratory relief that the Kenneth Cole Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[58]

5.      Interest at the legal rate from the date of the filing of this action.

### LXXXIII.   PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Polo Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Polo Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[59]

5.      Interest at the legal rate from the date of the filing of this action.

### LXXXIV.   PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Puma Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Puma Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[60]

---

[58]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[59]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[60]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

1    5.    Interest at the legal rate from the date of the filing of this action.

2                    LXXXV.  PRAYER FOR RELIEF

3    WHEREFORE, Kohler prays judgment against the Reebok Defendants for:

4    1.    Injunctive relief, preventive relief, or any other relief the Court deems

5    proper.

6    2.    Declaratory relief that the Reebok Defendants violated the ADA for the

7    purposes of Unruh Act or Disabled Persons Act damages.

8    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

9    California Civil Code (but not both) according to proof.

10   4.    Attorneys' fees, litigation expenses, and costs of suit.[61]

11   5.    Interest at the legal rate from the date of the filing of this action.

12                   LXXXVI.  PRAYER FOR RELIEF

13   WHEREFORE, Kohler prays judgment against the Rubio's Defendants for:

14   1.    Injunctive relief, preventive relief, or any other relief the Court deems

15   proper.

16   2.    Declaratory relief that the Rubio's Defendants violated the ADA for the

17   purposes of Unruh Act or Disabled Persons Act damages.

18   3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

19   California Civil Code (but not both) according to proof.

20   4.    Attorneys' fees, litigation expenses, and costs of suit.[62]

21   5.    Interest at the legal rate from the date of the filing of this action.

22                   LXXXVII. PRAYER FOR RELIEF

23   WHEREFORE, Kohler prays judgment against the Ruby's Defendants for:

24   1.    Injunctive relief, preventive relief, or any other relief the Court deems

25   proper.

26

27

28
---

[61]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[62]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

2.    Declaratory relief that the Ruby's Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[63]

5.    Interest at the legal rate from the date of the filing of this action.

### LXXXVIII. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Tommy Hilfiger Defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Tommy Hilfiger Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[64]

5.    Interest at the legal rate from the date of the filing of this action.

### LXXXIX.  PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Van Heusen Defendants for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that the Van Heusen Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[65]

---

[63]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[64]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

5.      Interest at the legal rate from the date of the filing of this action.

XC.      PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against the Banana Republic Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that the Banana Republic Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.[66]

5.      Interest at the legal rate from the date of the filing of this action.


DATED: February 11, 2010      DISABLED ADVOCACY GROUP, APLC



LYNN HUBBARD, III
Attorney for Plaintiff, Chris Kohler

---

[65]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[66]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Kohler v. Chelsea Carlsbad Finance, LLC, et al.*
Plaintiff's Complaint

Page 142

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRIS KOHLER

**DEFENDANTS**
SEE ATTACHED LIST

2010 FEB 16  AM 10: 48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane  Chico, CA 95926  (530) 895-3252

Attorneys (If Known)

'10 CV 0365 IEG     RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE                      DOCKET NUMBER

DATE
02/11/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 10232  AMOUNT $350—  APPLYING IFP          JUDGE          MAG. JUDGE

FEB 02-16-10

# DEFENDANT LIST

1.   CPG CARLSBAD HOLDINGS, LLC;
2.   CHELSEA PROPERTY GROUP;
3.   ADIDAS PROMOTIONAL RETAIL OPERATIONS, INC. dba ADIDAS;
4.   RETAIL BRAND ALLIANCE, INC. dba BROOKS BROTHERS FACTORY STORE;
5.   CONVERSE, INC. dba THE CONVERSE OUTLET STORE #3742;
6.   THE KITCHEN COLLECTION, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS KCI FACTORY OUTLET STORES dba LE GOURMET CHEF;
7.   GAP (APPAREL), LLC dba GAP OUTLET #7780;
8.   HDOS ENTERPRISES dba HOT DOG on a STICK #192;
9.   JOCKEY INTERNATIONAL GLOBAL, INC. dba THE JOCKEY STORE #125;
10.  KENNETH COLE PRODUCTIONS, INC. dba KENNETH COLE #5051;
11.  POLO CALIFORNIA, LLC dba POLO FACTORY STORE;
12.  PUMA NORTH AMERICA, INC. dba PUMA;
13.  REEBOK INTERNATIONAL LTD. dba REEBOK OUTLET STORE #114;
14.  RUBIO'S RESTAURANTS, INC. dba RUBIO'S FRESH MEXICAN GRILL;
15.  EAT at JOE'S, INC. dba RUBY'S DINER;
16.  TOMMY HILFIGER RETAIL, LLC dba TOMMY HILFIGER #54;
17.  PHILLIPS - VAN HEUSEN CORPORATION dba VAN HEUSEN STORE #462;
18.  BANANA REPUBLIC, LLC dba BANANA REPUBLIC #6282

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010232
Cashier ID: mbain
Transaction Date: 02/16/2010
Payer Name: LYNN HUBBARD
----------------------------------
CIVIL FILING FEE
 For: KOHLER V CPG CARLSBAD HOLDINGS
 Case/Party: D-CAS-3-10-CV-000365-001
 Amount:        $350.00
----------------------------------
CREDIT CARD
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```