```
DEBRA ELLWOOD MEPPEN (SBN: 183885)
JAN K. BUDDINGH, JR. (SBN: 113740)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Email: dmeppen@gordonrees.com
Email: jbuddingh@gordonrees.com

Attorneys for Defendant
Puma North America, Inc. dba Puma
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>    Plaintiff,<br><br>vs.<br><br>CPG CARLSBAD HOLDINGS, LLC., et al.<br><br>    Defendants. | CASE NO. 10-CV-0365-IEG-RBB<br><br>DEFENDANT PUMA NORTH AMERICA, INC.'S ANSWER TO COMPLAINT AND JURY DEMAND |

Defendant PUMA NORTH AMERICAN, INC. (hereinafter referred to as "Defendant"), in response to Plaintiff's Complaint, admits, denies and alleges as follows:

## I.   SUMMARY

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraphs 1 and 2 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

## II. JURISDICTION

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraphs 3, 4 and 5 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

## III. VENUE

3. In response to paragraph 6 of the Complaint, Defendant admits that the store at issue is within the jurisdiction of this court. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 of Plaintiff's Complaint, and on that basis denies each and every remaining allegation contained therein.

## IV. PARTIES

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 7 through 24 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

## V. FACTS

5. Defendant denies the allegations in paragraphs 63, 64, 108, 109 and 110 of Plaintiff's Complaint.

6. Defendant admits the allegations in paragraph 35 of Plaintiff's Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 25 through 34, 36 through 62, 65 through 107 and 111 through 128 of Plaintiff's Complaint and on that basis, denies each and every allegation contained in said paragraphs.

## VI. through XLV. FIRST through FORTY-FOURTH CLAIMS

8. Defendant lacks sufficient knowledge or information to form a belief

2

ANSWER TO COMPLAINT
CASE NO.: 10 CV 0365 IEG RBB

as to the truth of the allegations contained in paragraphs 129 through 495 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

## XLVI.   FORTY-FIFTH CLAIM
### Americans With Disability Act Of 1990

9. In response to paragraph 496 of the Complaint, Defendant re-alleges and incorporates herein as though set forth at length its responses to paragraph 1 through 128.

10. Defendant denies the allegations in paragraphs 498, 505 and 508 of Plaintiff's Complaint.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 501, 502, 505, 506, 510, 511 and 512 of Plaintiff's Complaint and, on that basis, denies each and every allegation in said paragraphs.

12. Paragraph 497, 499, 500, 504, 507 and 509 of Plaintiff's Complaint contain statutory recitations which contain no factual allegations and constitutes unnecessary and therefore irrelevant information as to which a factual response is not warranted. To the extent a response is warranted to said paragraphs, Defendant denies each and every allegation contained in said paragraphs.

## XLVII.   FORTY-SIXTH CLAIM
### Disabled Persons Act

13. In response to paragraph 513 of Plaintiff's Complaint, Defendant re-alleges and incorporates herein as though set forth at length its responses to paragraphs 1 through 128 inclusive, of the Complaint, as set forth above.

14. Defendant denies the allegations in paragraph 517 of Plaintiff's Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 508 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

16. Paragraphs 514, 515 and 516 of Plaintiff's Complaint contain statutory quotations which contain no factual allegations and constitute unnecessary and therefore irrelevant information as to which a factual response is not warranted. To the extent response to said paragraphs is warranted, Defendant denies each and every allegation contained in said paragraphs.

### XLVIII.   FORTY-SEVENTH CLAIM
**Unruh Civil Rights Act**

17. In response to paragraph 519 of Plaintiff's Complaint, Defendant re-alleges and incorporates herein, as though set forth at length, its responses to paragraphs 1 through 128, inclusive, of the Complaint, as set forth above.

18. Defendant denies the allegations in paragraph 523 and 524 of Plaintiff's Complaint.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 525 and 526 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

20. Paragraphs 520, 521 and 522 of Plaintiff's Complaint contain statutory citations which contain no factual allegations and constitute unnecessary and therefore irrelevant information as to which a factual response is not warranted. To the extent response to said paragraphs is warranted, Defendant denies each and every allegation contained in said paragraphs.

### XLIX.   FORTY-EIGHTH CLAIM
**Denial Of Full And Equal Access To Public Facilities**

21. In response to paragraph 527 of Plaintiff's Complaint, Defendant re-alleges and incorporates herein, as though set forth at length its responses to paragraphs 1 through 128, inclusive, of the Complaint, as set forth above.

4

22.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 530 and 531 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

23.     Paragraphs 528 and 529 of Plaintiff's Complaint contain statutory quotations which contain no factual allegations and constitute unnecessary and therefore irrelevant information as to which a factual response is not warranted. To the extent response to said paragraphs is warranted, Defendant denies each and every allegation contained in said paragraphs.

L. through LXXIII.         FORTY-NINTH through SEVENTY-SECOND CLAIMS

24.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 532 through 753 of Plaintiff's Complaint and, on that basis, denies each and every allegation contained in said paragraphs.

**AFFIRMATIVE DEFENSES**

25.     AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, Defendant alleges that the Complaint, and the whole thereof, fails to state a claim upon which relief may be granted against this answering Defendant.

26.     AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's complaint, and to each claim thereof, this answering Defendant alleges that this court does not have jurisdiction over the subject matter of Plaintiff's Complaint.

27.     AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiff failed to exercise reasonable care for his own protection against the type of

damages and incidents alleged to have occurred in his Complaint, if any, which damages and incidents are denied by this answering Defendant. If any such damage has occurred, it was proximately and legally caused in some proportion, up to and including the whole thereof, by the negligence of the Plaintiff, and therefore any award against this answering Defendant, if any, must be reduced according to law and according to the principles of comparative fault.

28. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that, if, in fact, Plaintiff sustained any injury or damage of any nature whatsoever by anything done or omitted to be done by this answering Defendant (which supposition is not admitted, but is merely stated for the purpose of this defense) said injury and damage, if any, was proximately caused by the acts of persons other than this answering Defendant.

29. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiff failed to mitigate his damages, so as to bar and diminish any recovery by Plaintiff.

30. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that, without admitting any of the allegations of Plaintiff's Complaint, if this answering Defendant is found liable at the time of trial, then this answering Defendant alleges that its fault was not the sole legal or proximate cause of the incidents upon which liability is based or damages awarded, if any, and that, accordingly, damages awarded, if any, must be apportioned according to the respective faults of all parties, persons or entities or their agents, servants and employees, who have

contributed to or caused the alleged incidents or damages at the time of trial.

31. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that its liability, if any, for Plaintiff's non-economic "general damages" is several only, and not joint, pursuant to California Civil Code Section 1431.2.

32. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that it acted reasonably to prevent injuries to patrons of the store, and that Defendant's actions were reasonable and prudent under the circumstances which existed at the time and place of the incidents referred to in Plaintiff's Complaint.

33. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that it acted reasonably to prevent injuries to patrons of the store, and that Plaintiff's injuries, if any, were not a result of any fault on the part of this answering Defendant and, in fact, Defendant did not have actual or constructive knowledge of any condition existing on said premises as not being in compliance with any law as alleged by the Complaint as being the cause of Plaintiff's damages.

34. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant alleges that the Complaint and the whole thereof, fails to contain facts sufficient upon which to base a recovery for "statutory minimum damages." .

35. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and upon said information and belief alleges that Plaintiff has failed to exhaust any and all administrative remedies available to him prior to the filing of this Complaint, and therefore, is estopped from asserting any claim for

relief as alleged in his Complaint.

36. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and thereon alleges that, to the extent that any barriers to access by persons with disabilities exist relative to the store, the removal of said barriers is not readily achievable.

37. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to Plaintiff's Complaint, and to each claim thereof, this answering Defendant is informed and believes, and thereon alleges that to the extent that any barriers to access by persons with disabilities existed at the store in question, the removal of such barriers is not required by California law.

38. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that the Complaint and the claims therein are barred by all applicable statutes of limitation.

39. AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that the Plaintiff unreasonably delayed in bringing this action against Defendant and that such delay substantially prejudiced this Defendant. Therefore, this action is barred by laches.

40. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that with respect to the matters alleged in the Complaint, Plaintiff does not come into court with clean hands and is precluded from recovering on said Complaint by the doctrine of unclean hands.

41. AS AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant is informed and believes and thereon alleges that the above-referenced Complaint, and each claim therein, is barred by the doctrine of estoppel.

42. AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE

DEFENSE, Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in Plaintiff's Complaint.

43.  AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that the alleged access barriers were not personally encountered by the Plaintiff.

44.  AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available for its benefit. Defendant thereby reserves herein its right to assert additional affirmative defenses in the event discovery indicates that such affirmative defenses would be appropriate.

WHEREFORE, Defendant prays judgment as follows:

1. That Plaintiff take nothing by virtue of this action;
2. That Plaintiff's request for injunctive relief be denied;
3. For all costs of suit herein;
4. That all causes of action alleged in the Complaint filed herein be dismissed with prejudice;
5. For all attorneys' fees and costs expended in defense of this action; and

/ / /

6. For such other and further relieve as this court deems just and proper.

Dated: March 22, 2010                     GORDON & REES, LLP

                                          By: _____/s/ Jan K. Buddingh, Jr._____
                                              Debra Ellwood Meppen
                                              Jan K. Buddingh, Jr.
                                              Attorneys for Defendant,
                                              Puma North America Inc.

Defendant PUMA NORTH AMERICAN, INC. hereby demands trial by jury on Plaintiff's complaint and all claims therein that are triable by jury.

Dated: March 22, 2010                     GORDON & REES, LLP

                                          By: _____/s/ Jan K. Buddingh, Jr._____
                                              Debra Ellwood Meppen
                                              Jan K. Buddingh, Jr.
                                              Attorneys for Defendant,
                                              Puma North America Inc.